Deborah Lou (Baxter)
VAUGHT, Respondent,

v.

David Lee VAUGHT, Appellant.

No. WD 39828.

Missouri Court of Appeals,
Western District.

June 21, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 2, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Carrie Francke, Powell, Seitz & Francke, Columbia, for appellant.

John W. Kuebler, David D. Kite, Jefferson City, for respondent.

Before MANFORD, J., Presiding, and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

David Vaught appeals from the judgment which overruled his motion to modify custody of Misty Dawn Vaught. The judgment is affirmed.

The marriage of David Vaught and Deborah Vaught, now Baxter, was dissolved in January, 1981. There were three children born of the marriage: Stephen; Timothy; and Misty. Custody of the children was awarded by agreement to Mrs. Baxter. In 1983, by agreement of the parties, custody of the two sons was transferred to Mr. Vaught. Mr. Vaught filed the present action in 1986 seeking custody of Misty. In summary, his allegations were that Mrs. Baxter had moved frequently, was not providing a proper home environment for

Misty, did not properly encourage the child to perform in school, and that Mrs. Baxter's employment and marital instability were such that she could not properly care for Misty.

The essential elements of Mr. Vaught's testimony at trial may be summarized as follows: Mr. Vaught believed that Mrs. Baxter had resided in eleven locations since the dissolution. He had been informed that Misty was not attending school regularly. He had once been inside the residence in which Mrs. Baxter and Misty resided for approximately one year prior to trial at which time he saw Misty's room, and he described it as containing a twin bed and a plywood platform supported by concrete blocks which he understood to be Misty's bed. He believed that Misty had attended more than one kindergarten. Mr. Vaught had been employed in his current occupation for nine years and he and his current wife own a home in Jefferson City where they live with his two sons and his wife's daughter. Mr. Vaught acknowledged that his three children are together every weekend; Misty visits his residence on alternate weekends and the two boys visit Misty's residence on the other alternate weekends. The three children spend the entire summer vacation together, about half of the time in each parent's residence. Child care is provided for Misty by Mrs. Baxter's mother and/or sister, both of whom live near to Mrs. Baxter and Misty in Iberia, Missouri.

Mrs. Baxter's testimony may be summarized in relevant part as follows: Mrs. Baxter has remarried and has one younger child, a boy, Kenny, aged two and one-half years, with whom Misty gets along well. Misty and Kenny share a room in the family's present home where Misty sleeps in a twin bed and Kenny sleeps on his crib mattress placed on the plywood platform as a transition from his crib. With respect to Misty's kindergarten, she missed seven to eight days of kindergarten at Camdenton because of transportation difficulties. Her performance in kindergarten at Camdenton was evaluated as having been inadequate; therefore, having been so informed, Mrs. Baxter enrolled Misty in kindergarten at Success, Missouri, for the final three weeks of school where Misty successfully completed kindergarten. Misty's grandfather was then the superintendent of Success Schools. In first grade, Misty's performance was well above average in every subject except writing. Mrs. Baxter acknowledged having lived in several different residences, the exact number of which is uncertain from the record. In the course of the moves, Misty had missed no school.

Both Mr. Vaught and Mrs. Baxter testified that there had been absolutely no difficulty with respect to visitation. In addition to the weekend and summer arrangements stated above, each party had been able to see the child or children residing with the other parent upon request. Travel arrangements caused no difficulty to the parents.

In his first two points on appeal, Mr. Vaught contends that the trial court erred in denying his motion to modify because (1) siblings of divorced parents should be kept together and (2) Mrs. Baxter's living situation, employment history and lack of attention to Misty's educational needs showed that Mrs. Baxter was not properly providing for the child. Mr. Vaught alleges that the evidence showed a substantial change in condition sufficient to warrant awarding custody of Misty to him.

With respect to the question of dividing custody of siblings, the general rule is that, absent exceptional circumstances, children of divorced parents should not be separated. The particular facts of this case support a deviation from the general rule. The sons of the marriage had been living with Mr. Vaught, and Misty had been living with Mrs. Baxter since 1983 by agreement of the parties. The trial court did not order divided custody other than to approve the parties' agreement that the modification was in the best interests of the boys. Significantly, the three children of the marriage reside close enough to each other to spend every weekend and all of the summer vacation together. The parents, admirably, have been open and flexible with visitation rights; each testified

that he or she could visit with the children upon request. Also admirably, this now-extended family has cooperated with respect to travel arrangements. The parties are to be commended for their cooperation with each other with respect to visitation.

Mr. Vaught argues that Misty should reside on a full-time basis with him and with her two brothers because, as the children's ages increase, the social, economic and educational differences in the two families will become more apparent to the children. Mr. Vaught speculates that the differences may cause Misty to feel insecure and to harbor resentment and that the relationship between the two boys and Misty will deteriorate. Suffice it to say that Mr. Vaught, by his own attitudes toward Misty and her mother, and through his financial contributions to Misty's needs, will have the means to insure, in great part, that his fears do not become reality. Under the facts and circumstances of this case, the concern related to separation of siblings is insufficient to warrant the transfer of custody.

■ With respect to the other issues raised by appellant, the record is devoid of any evidence of any detrimental effect on Misty. Although it would be preferable for Mrs. Baxter to move less frequently in order to provide residential and educational stability for Misty, Misty missed no school as a result of the moves and missed no contact with her father or her brothers. Mrs. Baxter testified without objection or rebuttal evidence that Misty suffered no ill effects from any of the moves. Although Mrs. Baxter's employment requires that she be outside the home during some evenings and nights, Misty is in the care of either her stepfather or her grandmother or aunt. There is no evidence in the record to suggest that the alternate care arrangements are inappropriate or detrimental to Misty. There is no evidence whatsoever in the record that Misty is not loved, emotionally well-nurtured, or physically provided for by her mother.

Mr. Vaught further alleges that the trial court did not consider the best interest of the child. As one basis for this contention, he asserts that the trial court's judgment does not mention the best interests of the child. The trial court's order of August 18, 1987, reads in pertinent part as follows: "That since the rendition of the Decree in this cause, there has been no change in the circumstances of the parties so substantial and continuing as to make the terms of the original Decree with respect to custody of Misty Dawn Vaught unreasonable and not in the best interest of said minor child."

■ Mr. Vaught further asserts as evidence of the trial court's alleged failure to consider the interest of the child the facts that no guardian ad litem was appointed and that the trial court did not interview the child in chambers. Mr. Vaught did not request appointment of a guardian ad litem and there is nothing in the record to indicate that the trial court abused its discretion in not doing so. As to the "failure" to interview the child in chambers, § 452.385, which authorizes an in-chambers interview, is not mandatory, and, again, Mr. Vaught did not request that the child be interviewed by the court.

■ Mr. Vaught complains that he was not allowed to call the principal of Stephen and Timothy Vaught's school, who would have testified, according to Mr. Vaught's counsel, that Mr. Vaught followed the boys' progress but that Mrs. Baxter made no inquiries of him regarding the progress of her sons in school. Mr. Vaught contends that this lends additional support to his argument that the trial court failed to consider the best interest of Misty. When counsel indicated that the school principal would be her next witness, she indicated to the trial court that she wanted to "be certain it would be appropriate" and she indicated to the trial court the nature of the principal's testimony. The court's response was: "There's no sense putting that witness on. Call your next witness. Why don't you excuse him." Counsel agreed. Although counsel may have believed it prudent to defer to the trial court's preference, a decision not to call the principal was counsel's decision and not the trial court's.

It is certainly correct, however, that in matters involving custody, school personnel

familiar with the child and the child's circumstances may frequently serve as valuable witnesses. Considering the significance and importance of custody determinations, it would seem better practice to permit a well-prepared attorney to implement his or her hearing strategy and to present to the court all relevant evidence. The matter of relevancy, however, is a question largely within the discretion of the trial court. A review of the nature of the testimony which counsel represented the principal would offer in this case gives no indication that the testimony would have affected the outcome of this case.

Having reviewed the record within the scope of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), there is insufficient evidence of a changed condition upon the basis of which it could be determined that a modification would be in the best interests of the child. The judgment is supported by substantial evidence, is not against the weight of the evidence, and does not result from an erroneous declaration or application of the law.

The judgment is affirmed.

All concur.