In re: Marriage of Charlene A.
WILLIAMS,
Petitioner–Respondent,

v.

Tommy G. WILLIAMS,
Respondent–Appellant.

No. 53207.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1988.

Harold G. Johnson, St. Ann, for respondent-appellant.

Jerome S. Kraus, St. Louis, for petitioner-respondent.

GARY M. GAERTNER, Presiding Judge.

Tommy G. Williams (hereinafter referred to as Husband) appeals the decree of dissolution ordered by the Circuit Court of St. Louis County. Husband's sole allegation on appeal is that the trial court erred when it awarded maintenance to Charlene A. Williams (hereinafter referred to as Wife). Finding Husband's contention to be without merit, we affirm.

The evidence reveals that the parties were married on February 14, 1976, and that two children were born of the marriage. On April 22, 1986, the trial court heard the parties dissolution of marriage action. The trial court issued a decree of dissolution in which it awarded Wife custody of the two minor children, and ordered Husband to pay child support in the amount of $350.00 each month per child and maintenance in the amount of $500.00 per month. Additional facts will be set forth as they become warranted by our discussion of the issues.

At the outset, this court recognizes the appropriate standard of review. The decree of dissolution must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Bull v. Bull,* 634 S.W.2d 228, 229 (Mo.App., E.D.1982). We will only set aside a divorce decree on the basis that it is against the weight of the evidence with caution and with a firm belief that the decree is clearly wrong. *Butler v. Butler,* 698 S.W.2d 545, 548 (Mo.App., E.D.1985). And, it is the burden of the party who challenges an award of maintenance to demonstrate that the award is so excessive as to constitute an abuse of the trial court's discretion. *Kessler v. Kessler,* 719 S.W.2d 138, 140 (Mo.App., E.D.1986).

Husband argues on appeal that the trial court improperly awarded Wife maintenance; specifically, he maintains that she is able to support herself through appropriate employment. A spouse who seeks maintenance must demonstrate need. *Hemphill v. Hemphill,* 710 S.W.2d 438, 439 (Mo.App., E.D.1986). Missouri law provides that a spouse who seeks maintenance must show that he lacks sufficient property to provide for his reasonable needs and is unable to support himself through appropriate employment. RSMo § 452.335.1 (1986). The trial court in the case before us found that both of these factors were present with respect to Wife. We believe that the decision is supported by substantial evidence. At the time of the hearing on the dissolution decree, Wife, a high school graduate, was employed as a nursing assistant at Southgate Care Center and earning a net monthly income of approximately $521.19. Her monthly living expenses were $1,880.00 a month. Husband, at the time of the hearing, had been employed by the Chrysler Corporation for eighteen years and earned a net monthly income of approximately $3,397.96. His average monthly living expenses are $1526.00. Thus, Wife's reasonable needs exceed her income, which income consists solely of her salary as a nursing assistant, and Husband's ability to meet his own needs while paying Wife maintenance in the amount of $500.00 per month is manifest. *See Lowrey v. Lowrey,* 633 S.W.2d 157, 161 (Mo.App., W.D.1982). An award of maintenance is purposed upon the "need to close the gap between [the] income [of the spouse who seeks maintenance] and [that spouse's] monthly expenses." *Id.* at 160–61. Husband's proposition, set forth in his brief, that Wife has adequate training and experience to realize income sufficient to meet her needs is purely speculative and unsupported by the record.

In addition, this court finds no merit to Husband's suggestion that the trial court incorrectly stated Husband's income. The trial court properly imputed an income to Husband by considering his education, skill, potential and previous earnings record. *Mastin v. Mastin,* 709 S.W.2d 545, 548 (Mo.App., E.D.1986). There was no evidence that Husband would not continue to earn overtime pay; as well, there was no evidence that his salary would be more than slightly diminished should he be laid off during the brief period while the Chrysler plant underwent re-tooling.

The judgment of the trial court is affirmed.

REINHARD, and CRIST, JJ., concur.