Kenneth Wayne
RODENBERG, Appellant,

v.

Marla Gail RODENBERG, Respondent.

No. WD 40543.

Missouri Court of Appeals,
Western District.

March 7, 1989.
Rehearing Denied May 2, 1989.

James A. Rahm, Carrollton, for appellant.

J.D. Gorham, Richmond, for respondent.

Before MANFORD, P.J., and
TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This is an appeal by the father and concerns the custody of three children; two girls, ages ten and seven and a boy age five. The father brought an action for dissolution, but custody of the children was granted to Marla Rodenberg, the mother.

At the outset it must be noted the father's point relied on does not comply with Rule 84.04(d). Since the case involves the best interests of children in a custody dispute, the defective point on appeal will only hinder but not preclude appellate review. *J.L.E. v. D.J.E.*, 675 S.W.2d 456, 458 (Mo.App.1984). In addition to the best interests test, review here is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and as applicable here, a determination will be made of whether the evidence is against the weight of the evidence. A reversal of the decree on that ground will occur only "with caution and the firm belief" the decree is wrong. *Id.* It is presumed the trial court after hearing and studying the evidence made a ruling in the children's best interests. *Fastnacht v. Fastnacht*, 616 S.W.2d 98, 101 (Mo.App. 1981).

Even under the scope of review, the children's wishes to stay with the mother and the lack of presently demonstrated problems with the children, the evidence here shows such a lack of judgment on the part of the mother as to call for a reversal.

The father is a mechanic, the mother is an assistant manager of a convenience store. Following the couple's separation in August, 1987, the mother admitted to having had a male friend stay and sleep in her bedroom five or six nights a week, while the three children were in her custody. There was however, no evidence of sexual relations taking place in front of the children. The younger girl and the boy slept in the same bedroom. One of the bedrooms in the house was taken up with her male friend's weight lifting equipment.

There was some evidence of the children being left alone when the mother worked. Babysitters employed by the mother included a fifteen year old girl who invited two boys into the home and had sex with one of them. Her sister Vicki also was used as a sitter. Vicki earlier had pleaded to three felony counts of selling a controlled substance and had completed probation. Her ex-husband testified she still had a drug involvement with marijuana, cocaine and speed during her babysitting tenure. Although married at that time, she would entertain her boyfriend Kim while babysitting in her sister's house. Before this trial Kim went to state prison for burglary and the stealing of guns. One such weapon showed up in the hands of the mother's boyfriend, apparently as security, for a loan he made to Kim. Though the judge did not have to believe the testimony, there was evidence Kim was on a combination of drugs and alcohol while in the presence of the children. The little boy had complained to the mother Kim hurt him with a knee while wrestling.

The father brought several witnesses to trial who would help him if he had custody and would provide a "support group." There was no evidence as to any question of the father's qualification to be primary custodian.

The court has a firm belief custody should not have been awarded to the mother, R____ v. D____, 667 S.W.2d 41, 43 (Mo. App.1984). As seen in the totality of the facts here, principal custody should be awarded to the father. As in R____ v. D____, the court finds the conduct of the mother irresponsible [1], despite, to her cred-

---

1. According to Vicki's testimony she moved from Carrollton to a suburb of Kansas City

where she is now a "certified medication techni-

it, the lack of any sexual activity directly in front of the children. The lifestyle of the mother along with the lack of concern for the type of people caring for her children cannot be ignored. Although sexual misconduct in and of itself may not be sufficient to deprive a parent of custody, morals are an important factor in a custody decision. *Hartig v. Hartig*, 738 S.W.2d 160, 161 (Mo.App.1987). The mother's actions did not demonstrate the maturity and judgment required of a parent. *M.D.R. v. P.K.R.*, 716 S.W.2d 866, 869 (Mo.App.1986). The court will not take the chance that such persons as Vicki and Kim won't have a significant influence on the children.

The judgment of the trial court is reversed and remanded for entry of a decree allowing custody to the father, there shall be no support to be charged to the mother, health care insurance and costs borne by the father, but with liberal visitation granted to the mother.

cian in a nursing home and dispenses pills (con-

trolled substances) to the elderly."