John KOMOSA, Appellant,

v.

Maria Dolores KOMOSA, Respondent.

No. 55566.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 22, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 13, 1989.

Arthur S. Margulis, William P. Grant, Stephanie Kraus, St. Louis, for appellant.

R.G. Costantinou, Susan B. Lohse, St. Louis, for respondent.

HAMILTON, Judge.

In this dissolution action, John Komosa (hereinafter, Father) appeals the judgment of the trial court that awarded to Maria Komosa (hereinafter, Mother) primary custody of the parties' son John Ferrari Komosa III, born February 8, 1984. We affirm.

Father contends on appeal that the trial court erred in awarding custody of the minor child to Mother because (1) its judgment was unsupported by substantial evidence, was against the weight of the evidence and erroneously applied and declared the law, and (2) the trial court's findings of fact failed to support its conclusions of law.

In this court-tried case, we must affirm the judgment of the trial court unless no substantial evidence supports it, unless it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Degerinis v. Degerinis*, 724 S.W.2d 717, 719 (Mo.App. 1987). We will set aside the judgment on the basis that it is against the weight of the evidence only with caution and with a firm belief that the decree is clearly wrong. *Williams v. Williams*, 753 S.W.2d 101, 102 (Mo.App.1988).

Moreover, we are cognizant that in a dissolution action, the trial judge, as arbiter of the facts, may believe or disbelieve any of the testimony, in whole or in part, including uncontradicted testimony. *In re Marriage of Jackson*, 592 S.W.2d 875, 877 (Mo.App.1980). In particular, issues of child custody must be decided on their specific facts, not in terms of academic rules. *In re Marriage of Reid*, 742 S.W.2d 248, 250 (Mo.App.1987).

■ With these principles in mind, we address the first point of error in which Father essentially asserts that the trial court lacked an adequate evidentiary basis for its order awarding Mother custody of their son, John. Section 452.375.2 (RSMo 1986)[1] sets forth factors the trial court shall consider in awarding custody "in ac-

cordance with the best interests of the child:"

(1) The wishes of the child's parent as to his custody;

(2) The wishes of the child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community;

(5) The mental and physical health of all individuals involved; and

(6) The needs of the child for a continuing relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child.

Both parties presented evidence with respect to these factors. The trial court necessarily resolved conflicts in the evidence. We review the trial court's action to determine whether substantial evidence supports it or whether it is against the weight of the evidence.

With respect to Section 452.375.2(1), each parent petitioned the court for sole legal and physical custody of their minor son. Evidence indicated that Mother, a member of the United States Army stationed in Louisiana, sought to reunite her family by obtaining custody of John. An older child, Michael, from a previous relationship, already resided with her. Expert testimony showed that the father, believing he was the only person who could appropriately care for John, was overprotective of the child and expressed an exaggerated concern about leaving John in Mother's custody.

Because John was three and a half years old at the time of trial, he was unable to express a preference as to his custodian as contemplated by Section 452.375.2(2). Although John had resided with Father most of his life, a court-appointed psychologist,

---

1. This section was amended by the General Assembly in 1988. That amendment, however, became effective on August 13, 1988, after entry of the trial court's judgment on June 21, 1988.

Thus, we review the trial court's judgment pursuant to the earlier statute. All statute section citations refer to RSMo 1986.

Susan Randich, testified that both parents were equally bonded and attached to the child.

Pursuant to Section 452.375.2(3), the parties presented considerable evidence as to the interaction and interrelationship of the child with his parents. Although Father has been actively involved in John's life, Ms. Randich, the court-appointed psychologist, believed Father had been over-involved with the child. She also found no psychiatric reason for the Mother not to have custody. Dr. Paul Painter, a child psychiatrist, called as a witness by Father, characterized Mother as warm, responsive, sensitive to children's needs and interested in their welfare.

After his parents' separation, John was diagnosed as asthmatic. Both parents purchased, learned to operate, and taught day-care personnel to operate a nebulizer, which is a machine that disburses medication in the child's lungs. Father himself has severe asthma and, although this makes him sensitive to John's problem, it required him in one year to visit a hospital emergency room eighty-two times and rendered him comatose, requiring a two-week hospitalization.

John also suffers from numerous allergies. Father has, on occasion, failed to inform Mother of all the allergies or to provide sufficient medication and proper prescriptions when John has visited her.

Both parents provide childcare for John while they work. Father has placed John in a day-care center with approximately twenty-five other children, supervised by three adults. Mother has a baby-sitter, certified by the Army Community Center and the Red Cross, who cares for John while she works. This baby-sitter cares for her own two children and John full-time. His brother Michael and one other child stay at the baby-sitter's before and after school.

Although Father expressed a fear for John's safety when John is with his sibling Michael, Dr. Painter, who observed both Michael and John, found no basis for this fear. Michael was described as a bright, assertive child, to whom one could relate

and who talked beautifully. Nor was Michael unduly aggressive or wild. Father himself admitted John was sometimes the aggressor when the siblings argued.

John's adjustment to home, school, and community, a factor set forth in Section 452.375.2(4), was also the subject of testimony. "A good environment and a stable home is generally considered as the most important single consideration in custody cases." R___ v. R___, 685 S.W.2d 598, 602 (Mo.App.1985). John presently resides with Father in a rented two-family flat in St. Louis. Although dating, Father is currently seeing no one on a regular basis. Mother plans to marry her fiancee as soon as this litigation is resolved. She is presently purchasing a mobile home in a quiet residential neighborhood with many children. In Mother's custody, John would therefore live in an environment with a mother, a father-figure and a half-brother.

Pursuant to Section 452.375.2(5), the trial court must consider the mental and physical health of all individuals involved. Evidence adduced on this factor disclosed Father's severe asthma that caused him frequent hospital visits during a year's period. Dr. Painter, the child psychiatrist, observed that Father was bright, assertive, quite aggressive, and determined. He found Mother to be an active, interested person, warm, responsive, and sensitive to her children's needs, although somewhat anxious about having been in Louisiana and absent from John. Neither parent displayed any evidence of psychiatric disorder. Father was viewed by Ms. Randich, the psychologist, as overly-protective and overly-involved with John. The child appeared to Dr. Painter as reasonably friendly, relaxed, and neither anxious nor depressed.

Section 452.375.2(6) requires the trial court to consider the needs of the child for a continuing relationship with each parent and their ability and willingness actively to perform parental functions for the need of the child. The evidence demonstrates that both parents are willing to perform parental functions with respect to John.

Father has had sole custody of the child since 1985. He has generally been sensi-

tive to his medical needs, has provided an adequate home and adequate day-care. Father does have a serious asthmatic condition. Moreover, he is dependent upon his family for financial assistance, having received in excess of $20,000 in loans from his mother. He testified that when bills arrive, he sometimes just throws them away.

Mother has also been sensitive to the medical needs of John, can provide adequate day-care and an adequate home environment containing a mother, father-figure, and sibling. Mother joined the United States Army in order to help her family financially and to obtain medical benefits. She is financially responsible with regard to her own expenses that include payment of a car loan, a loan on her mobile home, and her utilities.

A review of the record with respect to the statutory facts required to be considered, giving due deference to the trial court's assessment of credibility and resolution of conflicting testimony, demonstrates that the decision of the trial court is supported by substantial evidence and is not against the weight of the evidence. Father's first point is denied.

In his second point on appeal, Father asserts the trial court erred in awarding Mother custody of the minor child because its findings of fact fail to support its conclusions of law. Thus, he contends the trial court lacked an adequate basis for its custody award. In particular, Father argues the trial court failed to make certain findings of fact favorable to him and resolved conflicting testimony adversely to him.

We review the record in a court-tried case upon both the law and the evidence as in suits of an equitable nature, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(c)(1) and (2). *See also L___E___(S___) v. J___A___E___,* 507 S.W.2d 681, 683 (Mo.App.1974). Moreover,

we must consider all fact issues, upon which no specific findings were made, to have been decided in accordance with the result reached. Rule 73.01(a)(2); *Goldstein v. Studley,* 452 S.W.2d 75, 78–79 (Mo. 1970).

The pertinent inquiry, therefore, is whether the trial court's conclusions of law are correct and are supported by the substantial evidence of record. A review of the entire record demonstrates that, with one exception discussed below, the conclusions of the trial court are without error and substantial evidence in the record supports them.

We agree with Father, however, that the trial court's third conclusion of law is erroneous to the extent that it relies upon the tender years presumption as a basis for its award of custody. That presumption was repealed in 1982 by legislative amendment to Section 452.375.2(6) which presently states in pertinent part as follows:

> 3. As between the parents of a child, no preference may be given to either parent in the awarding of custody for the sole reason that the parent is the mother or the father of the child, nor because of the age or the sex of the child.

Section 452.375.3 RSMo (1986). *See Stoutimore v. Stoutimore,* 684 S.W.2d 344, 346–47 (Mo.App.1984). The trial court's third conclusion of law is, therefore, erroneous. Substantial evidence, however, remains in support of the other conclusions of law and of the court's determination of custody.

The judgment of the trial court is affirmed.

DOWD, P.J., and SIMON, J., concur.