Roberto LACADIN, Appellant,

v.

Dyandra HERRON, Respondent.

No. 67861.

Missouri Court of Appeals, Eastern District, Division One.

April 23, 1996.

Thomas E. Bauer, St. Louis, for Appellant.

Thomas H. Ullmann, Weldon Spring, for Respondent.

KAROHL, Judge.

Roberto Lacadin, (Father) appeals custody provisions in dissolution of marriage decree. The trial court found it was in the best interests of the parties' two children that it award legal and physical custody of the children to Dyandra Herron, (Mother). He contends the award to Mother will result in a separation of the children where there was no evidence to support a finding of exceptional circumstances which warrant such separation. *See, Vaught v. Vaught,* 755 S.W.2d 375 (Mo.App.1988). Additionally, Father argues the trial court erred in awarding Mother custody because there was evidence she had exhibited extreme lack of good judgment in the past, while there was no question as to his qualifications as primary custodian. Lastly, in the alternative, Father disputes the trial court's custody award because it was against the weight of the evidence. We affirm.

The evidence in support of the custody order is as follows. Roberto Lacadin and Dyandra Herron married in November of 1990. They had two children, Roberto, Jr. and Christina, who are now ages 6 and 5 respectively. In 1992, a third child was born during the marriage. The court found "There are two (2) minor children born of the marriage," Roberto Jr. and Christina. The couple separated in January of 1993.

On February 10, 1995 the trial court entered a decree which awarded legal and primary physical custody of both children to Mother. It awarded father temporary physical custody at all reasonable times or during designated times if the parties were unable to agree on what constituted "reasonable" times.

■ Father relies on three points, all of which dispute the award of custody to Mother. He first argues the trial court's custody award will cause a separation of the children without the required finding that exceptional circumstances existed for the separation. He contends Mother's lifestyle will impermissibly separate the children. She did not deny that she once separated the children. In the spring of 1992, before Father filed for dissolution in April of 1993, she left the state with her daughter and without her son. However, she stated she left with her daughter and not her son because he was not home at that time. Later, Father and his family denied her access to her son. On the evidence, it is speculative to conclude she would choose to separate her children.

Father's fear is not substantiated and will not support a conclusion Mother will separate the children. We afford trial courts greater discretion in determining child custody than in other matters. *Flieg v. Flieg,* 884 S.W.2d 347, 348 (Mo.App.E.D.1994). While a court will not separate children unless exceptional circumstances exist which warrant the

separation, *Vaught v. Vaught*, 755 S.W.2d 375 (Mo.App.1988); *In re the Marriage of Newberry*, 745 S.W.2d 796 (Mo.App.1988), a trial court is presumed to have considered all of the evidence and awarded custody in the best interest of the children. *In re Marriage of Stuart*, 805 S.W.2d 309, 313 (Mo.App. 1991). The trial court was not obligated to conclude Mother's conduct before the dissolution proceeding would continue if granted custody.

■ Second, Father disputes the award of custody to Mother because he argues the evidence demonstrates an extreme lack of judgment on the part of Mother in caring for the children. He relies on *Rodenberg v. Rodenberg*, 767 S.W.2d 594 (Mo.App.1989). In *Rodenberg*, the mother had drug and alcohol problems. She allowed male friends to spend the night with her. She permitted babysitters to act improperly with boyfriends while watching the children. The evidence in this case is quite different. There was no evidence she abused or neglected her children. She placed the children in day care during the summer months to help them learn to socialize with other children their age. She also enrolled Roberto, Jr. in school and attended his parent/teacher conferences. She attended to the children's medical needs. Even Father testified, "I'm not going to say that she's a bad mother. She's taken care of the children, you know, while they're little."

■ Father contends his evidence would support a finding he was able to serve as the primary custodian of the children. Assuming, without deciding this is true, parental "fitness does not mandate an award of custody." *Osmun v. Osmun*, 842 S.W.2d 932, 936 (Mo.App.E.D.1992); *D.K.L. v. L.C.L.*, 764 S.W.2d 664, 666 (Mo.App.1988).

■ Third, Father argues generally that the award of custody to Mother is against the weight of the evidence. A judgment in a court-tried case will be set aside only if it is against the weight of the evidence when the record generates a firm belief that the decree is wrong. R___ v. D___, 667 S.W.2d 41 (Mo.App.1984). We need not repeat the evi-

dence and findings of fact which support the award of custody to Mother.

The judgment of the trial court is affirmed.

REINHARD, P.J., and GRIMM, J., concur.