Kevin PARSON, Plaintiff–Respondent,

v.

Debra L. PARSON, Defendant–
Appellant.

No. 24652.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 10, 2002.

Mary C. McWilliams, Laurie, for appellant.

Bruce E. Colyer, Osage Beach, for respondent.

JOHN E. PARRISH, Judge.

Debra Parson (mother) appeals a judgment modifying child custody and child support provisions of a dissolution of marriage judgment. The trial court modified the dissolution judgment by awarding custody of the parties' three children to Kevin Parson (father), granting mother visitation rights, and ordering mother to pay child support. The modification judgment is re-

versed. The case is remanded for new trial.

The dissolution judgment was entered December 17, 1998. The parties were awarded joint legal custody and joint physical custody of the children. The judgment designated mother as primary physical custodian. Father was awarded "reasonable custody and visitation" with the children at prescribed times or "as can be mutually agreed upon between Mother and Father."

The "Judgment Modifying Decree of Dissolution of Marriage" that is the subject of this appeal declared a change of circumstances had occurred "to make the prior custodial custody [sic] order unreasonable in that it [would be] in the best interest of the children that [the trial court] grant an order changing custody from the Mother to the Father." The modification judgment awarded father "primary physical care, custody and control of the minor children." Mother was awarded "reasonable rights of visitation including, but not limited to" visitation set forth in a parenting plan filed by father. Mother was ordered to pay child support in the amount of $272 per month.

Mother presents two points on appeal. Point I contends the trial court erred in granting father's request for change of custody; that the finding that there was a substantial and continuing change of circumstances was not supported by substantial evidence, was against the weight of the evidence, and erroneously applied the law. Point II argues the trial court erred in refusing to hear the testimony of one of the children, Tanna Parson, in that it refused to consider the custodial preferences of the children and the recommendation of the guardian ad litem. This court finds Point II dispositive of the appeal.

Although Point II is dispositive, this court would be less than candid if it did not address the shortcomings of Point I. Point I preserves nothing for appellate review in that it does not comply with requirements of Rule 84.04(d). *See Kline v. Casey's General Stores, Inc.*, 998 S.W.2d 140, 142 (Mo.App.1999).

Rule 84.04(d)(1) provides:

Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

. . .

Point I identifies the ruling challenged, the granting of change of custody. It states the legal reasons on which it relies, that the finding of substantial and continuing change in circumstances was not supported by substantial evidence, was against the weight of evidence, and erroneously applied the law. *See Hall v. Hall,* 53 S.W.3d 214, 217 (Mo.App.2001). However, it fails to recite why, in the context of the case, the legal reasons support a claim of reversible error. That failing impedes the disposition of the case on its merits. Point I does not identify or give notice of the issues on which the trial court entered findings that mother deems not to have been supported by sufficient evidence or that erroneously declared the law.[1] Point I is dismissed.

---

1. Whether to dismiss a point for lack of compliance with Rule 84.04 is discretionary and not generally done unless the deficiency impedes disposition on the merits. *Keeney v. Missouri Highway & Transp. Com'n,* 70 S.W.3d 597, 598 n. 1 (Mo.App.2002). The

■ Point II is directed to mother's attempt to have the parties' daughter, Tanna, testify at trial. Tanna was 13 years old at the date of trial, only 12 days short of being 14. At the start of her evidence, mother called Tanna to testify. The trial judge did not permit the testimony. He observed:

> Oh, wait. Is this the child? No. Not on the witness stand. I'm not going to do it. If you want me to, we—we'll—I will consider it in chambers. I—Well, I—If we're—If I'm going to—If I'm going to talk to her, I will talk to her in chambers. I'm not sure that I'm going to talk to her. I think that's just way too much to put a child through. They— And they don't get to decide anyway. Yeah, I don't want her. Okay?

After closing arguments, the trial judge expressed frustration with the dilemma faced in deciding the case. He acknowledged that the guardian ad litem pointed out it would be traumatic to change custody of the children and agreed with that assessment. Mother's attorney again suggested that the trial judge "talk to Tanna in chambers." The judge declined "because she doesn't get to pick; that's [the trial judge's] job."

■ *Kordonowy v. Kordonowy,* 887 S.W.2d 809 (Mo.App.1994), addressed the subject of children testifying regarding their preferences in cases in which child custody is an issue (and with respect to other matters in dissolution cases). *Kordonowy* involved three children, one an adult, one age 13, and one age nine. The court acknowledged " 'that a court in making its custody determination must consider the wishes of a child as to his or her custodian.' " 887 S.W.2d at 811, quoting *Osmun v. Osmun,* 842 S.W.2d 932, 936 (Mo.App.1992). *See* § 452.375.2(8).[2] In ascertaining that choice, a trial court has the discretion of allowing the child to testify or interviewing the child in chambers. *Osmun,* 842 S.W.2d at 936; § 452.385. *Kordonowy* declared, with respect to the 13–year–old, "At age thirteen, he is not of such tender years that it would necessarily be traumatic to interview him regarding his custodial preference. The trial court should have at least interviewed him to determine if he was competent to testify regarding his custodial preference."[3] 887 S.W.2d at 812.

■ The trial court erred in not either hearing Tanna's testimony or interviewing her in chambers, as permitted by § 452.385, to ascertain her competency to testify regarding her custodial preference

trial court rendered detailed findings with respect to change of circumstances as part of the modification judgment. Those findings cover three single-spaced pages of the modification judgment. They include 24 paragraphs and subparagraphs. Were this court to attempt to seine the contents of those findings to determine if bases for mother's claimed error exist, it would be acting as her advocate, a function it is mandated not to provide. *See Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

**2.** References to statutes are to RSMo 2000 unless stated otherwise. § 452.375.2(8) requires a court determining custody of a child to consider, among other factors, "[t]he

wishes of a child as to the child's custodian." Prior to 1998 legislation that rewrote the statute, this requirement was found at § 452.375.2(2), RSMo Cum.Supp.1997.

**3.** *See also J. v. E.,* 417 S.W.2d 199, 203 (Mo. App.1967). ("Upon a motion to modify, the court must determine what disposition of custody best serves the children at the time the motion is heard, and the children's happiness, their emotional attachments, and their own preferences, provided they are mature enough to make a discriminating choice, are matters as much entitled to consideration as changes in their environment, their parents' misconduct, or any other 'changes of condition.' ")

and, if competent to testify, her wishes. The case must be reversed with respect to the custody determination due to that failing. Mindful that placement of siblings in the same home is normally in their best interest, *In re Marriage of Mihalovich*, 659 S.W.2d 798, 801 (Mo.App.1983), the preference of Tanna could affect the placement of the remaining sibling that is a minor.[4]

The modification judgment is reversed as to the matter of child custody and the order for mother to pay child support. The case is remanded for new trial as to those issues. The part of the judgment awarding guardian ad litem fees is affirmed. In the event further services are required of the guardian ad litem, the trial court, in its discretion, may award further reasonable fees if it deems such appropriate.

SHRUM, J., and RAHMEYER, C.J., concur.

---

4. The parties have three children. The oldest was born January 14, 1984. Being over the age of 18, he is now an adult.