Melanie Celeste BAKER,
Plaintiff/Appellant,

and

Mid–Missouri Legal Services
Corporation, Appellant,

v.

Joseph Steven BAKER,
Defendant/Respondent,

and

Gerald and Patricia Baker, Intervenors.

Nos. 67606, 67950.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 27, 1996.

Edward Berg, Columbia, for appellant.

Louis J. Leonatti, Paul A. Seigfreid, Randall P. Baker, Daniel J. Monte, Mexico, for Mid–Missouri Legal Serv.

Grant W. Smith, Linn, for intervenors.

Hearne, Nickolaus, Green & Beetem, Nathan M. Nickolaus, Jefferson City, for Guardian Ad Litem.

PUDLOWSKI, Judge.

This is a consolidated appeal from a judgment awarding custody of a three year old child to third-party intervenors, paternal grandparents (grandparents) and an order requiring Mid–Missouri Legal Services Corporation (Mid–Missouri) to pay a portion of respondent's (husband) and grandparents' attorney's fees and an order requiring Melanie Baker (wife) and Mid–Missouri to pay the guardian ad litem's attorney's fees and all costs of the litigation. We affirm in part and reverse in part.

 The standard of review in a child custody case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Gulley v. Gulley*, 852 S.W.2d 874, 876 (Mo. App.1993). This court must uphold the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* Because the trial court has the opportunity to observe the witnesses and hear their testimony, it has a superior ability to judge the credibility of the witnesses, particularly their sincerity and character, as well as other intangibles which may not be revealed by the record. *Brawley v. McNary*, 811 S.W.2d 362, 365 (Mo. banc 1991). For these reasons the findings of the trial court, as to the credibility of witnesses, is accorded deference.

Melanie Baker (wife) and Joseph Baker (husband) were married for a brief period from 1991 through 1994 and had one child, Trina Baker. Wife filed for divorce in 1993 and both parties sought custody of the child. The paternal grandparents intervened in the suit seeking visitation and later full custody of the child. The court found both parents unfit and the welfare of Trina manifestly demanded custody be awarded to the grandparents. Husband admitted to drug and alcohol abuse and he does not challenge the custody award. The issues on appeal are whether the court's findings were correct in light of the evidence of alleged domestic violence and whether wife is unfit to be a custodial parent. An extended review of the evidence is not necessary. A brief exposition of the facts is sufficient.

The couple married in November 1991 and in August 1992 Trina was born. The child had a low birth weight that was attributed to wife's smoking during the pregnancy. The child has suffered from various illnesses since birth and is not current on her immunizations. To some extent the failure to obtain immunizations is due to the child's frequent health problems but wife was referred to the county clinic to obtain the immunizations when the child was healthy and she failed to do so. Wife claims she did not have transportation to the clinic. Trina's health problems have required hospitalization four times since her birth.

Wife has three other children, a son and two daughters. During most of wife's marriage to husband, her two daughters lived with other relatives. Wife was unsuccessful in persuading them to return to her perma-

nently because they did not like husband. Wife continued to remain with husband.

Wife's inattentiveness was evidenced by allowing the children, the oldest of which was 12 at the time, to play with a riding lawn mower without any supervision or instruction. On other occasions she also left the children unattended in a swimming pool while she slept on a couch. A family friend testified that the interaction between wife and her children was tension filled and very negative.

There was testimony that wife consumed alcohol while she cared for her children. Evidence revealed that one of her ex-husbands attempted to locate her in order to return the children after his custodial visitation but was unable to find her. He drove through the town and located her at a tavern. An argument arose between them because he would not leave the children with her at the bar because she was not ready to leave. He testified she was too intoxicated to drive the children home so he did. Additional evidence indicated that wife was a daily consumer of alcohol.

Wife's mental health evaluation revealed she has a dependant personality and suffers from adjustment disorder. She was identified as immature and in need of therapy for co-dependency. She was also characterized as impulsive and overdramatic. She had a neighbor supervise the children on occasions. Prior to this matter going to trial, wife relinquished custody of her daughter, Trisha, to the child's father.

Finally, Trina was hospitalized immediately before the trial with a serious illness. Wife failed to notify husband or the grandparents. Upon learning the child was in the hospital, they intended to visit the child but wife objected strenuously and threatened to take the child and hide in the hospital. Her reasoning was that she did not want her husband visiting the child unsupervised. We believe additional evidence would serve no purpose.

The trial court made a specific finding that both parents were unfit and awarded custody to the grandparents. Upon its own motion the trial court ordered Mid–Missouri to pay a portion of the attorneys' fees of grandparents

and husband. The trial court also ordered wife and Mid–Missouri to pay the court costs and the guardian ad litem's fees. Mid–Missouri was not a party to the litigation. There was no request for sanctions and the court did not notify or advise wife's counsel he might be subject to sanctions.

■ Wife argues the trial court erred in failing to make a finding domestic violence occurred and in failing to make specific findings that the child custody and visitation order best protects the child and the victim. Wife relies on § 452.375.[1] Sections of the statute were amended in 1993 to require consideration of domestic violence in making custody and visitation decisions.

In this case, the court did not believe the allegations of domestic violence. The court specifically held wife's evidence was not credible. There were no eyewitnesses to the allegations of physical abuse and the court did not believe the testimony of wife's witnesses as to these assumptions of physical abuse. Accordingly, the specific findings in § 452.375 regarding custody and visitation where abuse is alleged were not required. Point denied.

■ In point two, wife argues the judgment finding her unfit is against the weight of the evidence, was not supported by substantial evidence and was a result of misapplication of the law. We disagree. We have reviewed three volumes of transcript and the trial court's findings and have determined there was substantial evidence to support the trial court's judgment and there was no misapplication of the law. Point denied.

■ Wife also complains the court listed her lack of financial resources as a reason for her unfitness and argues the court erroneously applied the law in considering this factor. We agree that this factor can never be the basis for removing custody from a parent but find this factor alone is not determinative of the court's decision. *R. v. E.*, 364 S.W.2d 821, 828 (Mo.App.S.D.1963). The other findings and the evidence in the record were sufficient to find wife unfit. Wife's last subpoint of point two is denied.

■ The third issue addresses the order requiring Mid–Missouri to pay husband's and

1. All statutory references are to RSMo 1994.

grandparents' attorney's fees, the costs of the litigation and the fees of the guardian ad litem. We have reviewed the record and the law and find no factual or legal basis for this sanction. The portion of the judgment ordering Mid–Missouri, the employer of wife's counsel, to pay attorney's fees is reversed.

Mid–Missouri's attorney also complains the trial court's written criticism of him was inappropriate and has "branded him." The court's expression about counsel's conduct may have been a bit harsh in its findings. The court's remark may have been as a result of its frustration with counsel's repetitive questioning and frequent unnecessary objections. Such frustration should have been harnessed. We find the remark did not derogate counsel's reputation and such deportment had no relevance to the result of this sad litigation.

The judgment of the trial court, finding wife unfit and awarding custody to the grandparents, is sustained. The portion of the judgment ordering Mid–Missouri to pay costs and attorney's fees is reversed. Court costs of this appeal are assessed to wife.

AHRENS, P.J., and GRIMM, J., concur.