Jeffrey SCOTT, Petitioner–Respondent,

v.

Nina C. (Scott) STEELMAN, Respondent–Appellant.

No. 21257.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 25, 1997.

Michael R. Dunbar, Smith and Dunbar, Waynesville, for respondent–appellant.

Ronald D. White, Williams, Robinson, Turley, White & Rigler, P.C., Rolla, for petitioner–respondent.

SHRUM, Judge.

Nina (Scott) Steelman (Mother) appeals from the judgment of the trial court modifying portions of a dissolution decree to extend the time that Jeffrey Scott (Father) has physical custody of their daughter Chelsa. We affirm the trial court's judgment.

## FACTS

Mother and Father were married on July 1, 1989. One child, Chelsa Rae Scott, was born of the marriage. Mother and Father's marriage was dissolved on February 8, 1991.

The dissolution decree granted Mother and Father joint legal custody of Chelsa. Mother and Father were also granted joint physical custody of Chelsa. By the decree, the trial judge scheduled Father to have physical custody of Chelsa from the first of January until the end of June. Mother was scheduled to have physical custody from the first of July until the end of December. This arrangement was in existence when Chelsa attended kindergarten causing her to change school districts in the middle of the year when her custody schedule changed.

Father filed a motion to modify the dissolution decree on June 20, 1995, asking for sole physical custody of Chelsa. Mother filed a cross-motion to modify on August 22, 1995, asking for sole custody of Chelsa. On August 16, August 23, and September 9, 1996, the trial court heard evidence. As part of his case, Father elicited testimony of Chelsa's former Head Start and kindergarten educators. In addition, he presented testimony from his present wife and his own testimony. Mother adduced testimony from family members, friends, and herself.

On September 12, 1996, the trial court entered its findings. On November 21, 1996, the trial court filed its Judgment and Decree of Modification. The trial court's judgment did not modify the award of joint legal custody or the award of joint physical custody. However, the trial court changed Chelsa's physical custody schedule. As modified, the decree granted Father physical custody from five days before school starts in the fall until two days after school ends for the summer. The judgment granted Mother physical custody from two days after school ends for the summer until five days before the start of school in the fall. Mother appeals from that part of the judgment that modifies the length of time she has physical custody of Chelsa.

## DISCUSSION AND DECISION

Preliminarily, Father makes a valid complaint that none of Mother's points relied on comport with the requirements of Rule 84.04(d). *See Thummel v. King,* 570 S.W.2d 679 (Mo.banc 1978). Specifically, we note that none of the points clearly state the ruling of the trial court that is to be reviewed. Mother consistently says that the trial court awarded "custody" of Chelsa to Father. This is incorrect. In the judgment, the trial court continues Mother and Father's joint legal and physical custody, but changes the amount of time Chelsa would spend in Father's physical custody. Furthermore, none of the points clearly say wherein and why the court erred largely because the points do not properly identify the specific ruling of the trial court being appealed.

Due to the seriousness of custody matters, this court is generally reluctant to strike points relied on in appeals involving child custody. *See Rinehart v. Rinehart,* 877 S.W.2d 205, 206[3] (Mo.App.1994); *Rodenberg v. Rodenberg,* 767 S.W.2d 594, 595 (Mo.App.1989). Moreover, Father has understood Mother's arguments well enough to respond to them. Accordingly, we will review Mother's points on appeal. Nevertheless, our willingness to review here should not be seen as a license to file briefs that do not comply with the briefing rules.

■ Missouri appellate courts reviewing a judgment on a motion to modify child custody will affirm the trial court's judgment unless: the judgment is not supported by substantial evidence, the judgment is against the weight of the evidence, or the judgment erroneously applies or declares the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo.banc 1976); *In re Marriage of Mapes,* 848 S.W.2d 634, 636[1] (Mo.App.1993).

■ A trial court has broad discretion in child custody and visitation matters, and an appellate court will not reverse a trial court's decision related to custody and visitation unless the appellant can show that the judgment was not in the best interests of the child. *McElroy v. McElroy,* 910 S.W.2d 798, 805[18] (Mo.App.1995). In addition, a trial court is in a better position to assess the sincerity and character of the parties and other intangibles that are not completely revealed by the record on appeal. *P.L.W. v. T.R.W.,* 890 S.W.2d 688, 690[4] (Mo.App.1994). Thus, an appellate court will accord a trial court's decision in custody matters with greater deference than decisions in other

cases. *Breckner v. Coble*, 921 S.W.2d 624, 626[3] (Mo.App.1996).

*Point I: Weight of the Evidence*

■ Mother's first point asserts that the trial court's judgment was against the weight of the evidence. Appellate courts exercise their power to set aside a custody judgment because it is against the weight of the evidence only when there is a firm belief that the judgment is wrong. *In re Marriage of Campbell*, 868 S.W.2d 148, 153[14] (Mo.App. 1993). Here, we do not believe the judgment is wrong, nor do we believe it is against the weight of the evidence.

■ The trial court had to decide, in the best interests of the child, which parent would have physical custody of Chelsa during the school year. The trial court was presented with evidence regarding the level of interest and involvement each parent had taken with Chelsa's education. The court did not suggest that Mother was uninterested or uninvolved in Chelsa's education. Testimony from Chelsa's former Head Start teacher and two former kindergarten teachers supported the trial court's finding that Father placed a priority on meeting Chelsa's educational needs.

In addition, the trial court found that Father had made better choices involving Chelsa's health. For example, testimony established that Chelsa has experienced some respiratory problems. Evidence was adduced that both Mother and her husband smoke inside their home despite Chelsa's respiratory problems. Additional evidence showed that neither Father nor his wife smokes. In addition, the trial court had evidence regarding Chelsa's hygiene and dental health that tended to support its judgment.

We find that the trial court's judgment is supported by the weight of the evidence. Mother's first point is denied.

*Point II: Separation from Siblings*

Mother's second point maintains that the trial court erred *as a matter of law* in changing custody because "the circumstances did not warrant separation of the minor child from her siblings." Chelsa has two sisters

born of Mother's remarriage. There is substantial undisputed evidence that Chelsa has bonded with her half sisters and loves her half sisters. Thus, Mother argues that it is improper as a matter of law to modify Chelsa's physical custody to separate her from her half sisters during the school year absent extraordinary circumstances. However, we do not find the trial court erred as a matter of law in modifying Chelsa's physical custody arrangement.

■ Matters of child custody, including the separation of siblings, are matters left to the sound discretion of a trial court. *Law v. Law*, 833 S.W.2d 17, 19 (Mo.App.1992). Mother does not ask this court to review whether the trial court abused its discretion in modifying Chelsa's physical custody. Instead, Mother wants us to rule that, as a matter of law, the trial court erred when it ordered a change in physical custody.

■ A child's interrelationship and interaction with his or her siblings are relevant factors to consider in custody decisions. *See* § 452.375.2(3), RSMo Supp.1995. However, those factors must be weighed and balanced in light of an overriding concern for the best interests of the child. *See* § 452.375.2, RSMo Supp.1995 and § 452.410.1, RSMo 1994. While the general rule is that siblings should not be separated absent exceptional circumstances, a trial court may order a separation of siblings if such a custody arrangement is in the best interests of the child. *Jobe v. Jobe*, 708 S.W.2d 322, 328[7] (Mo.App. 1986). Thus, we cannot rule as a matter of law that the trial court erred in modifying Father's period of physical custody.

■ In the argument following Point II of her brief, Mother contends that Chelsa's modified physical custody arrangement is not in her best interest. However, Mother's second point relied on does not present the issue. Issues not raised in points relied on, but raised in the argument portion of a brief are not presented for review. *Taylor v. Taylor*, 908 S.W.2d 361, 364[13] (Mo.App.1995).

■ Nonetheless, we will review the trial court's judgment to determine if it is not in Chelsa's best interest. A trial court's deci-

sion regarding custody is presumed to have been reached primarily considering the best interests of the child. *Id.* at 365. While evidence of Chelsa's relationship with her siblings bears heavily on this decision, such evidence alone does not rebut the presumption that the trial court's judgment is in Chelsa's best interest. Other factors including the choices made by Mother and Father regarding Chelsa's education and health also weigh in the court's determination of Chelsa's best interest. In addition, Chelsa will be with her Mother during the entire summer and also during visitation periods as provided in the decree. Thus, Chelsa will have opportunities for meaningful interaction with her siblings. Mother's second point is denied.

*Point III: Economic Status*

Mother's third point asserts that the trial court "de facto" made its judgment based on her financial condition. She argues that, despite the trial court's findings to the contrary, Mother's financial condition was "the only exceptional circumstance that would warrant the separation of Chelsa from her siblings."

 In deciding child custody, a trial court should not give preference to the financial status of a parent. *See* § 452.375.7, RSMo Supp.1995. A parent's financial resources "can never be the basis for removing custody from a parent." *Baker v. Baker*, 923 S.W.2d 346, 348[5] (Mo.App.1996).

Here, the trial judge's findings do not suggest that he based his decision on the economic status of either party:

"[I]t is clear that in matters affecting the child's education and welfare, the father has appeared to place a priority on seeing to the child's needs more directly.

These are not decisions either parent made that were dependent on their wealth or economic status. They appear to be more from each individual's points of view. From the evidence, it appears that the mother has been able to provide the same interest and involvement with the child's educational experience, but chose not to. The same could be said for the mother's approach to matters involving the child's health and dental problems. In other words, it appears from the evidence that the father has adapted his circumstances to fill the needs of the child, while the child has adapted to fit the circumstances resulting from the choices of the mother, a mother who must also care for two other children in a household with one income. The lack of phone service, ready transportation, indoor plumbing and adequate space for two adults and three children do not necessarily add up to a bad home or a home unsuitable for the primary custody of a child. Hers is a home filled with love for the child and adequate food and shelter."

While the trial court's findings do mention factors associated with Mother's economic condition, there is no indication that the trial court's ruling was based on the financial status of either party. The trial court's findings suggest that its judgment was based upon a comparison of the choices Mother and Father have made involving Chelsa's education and welfare. Evidence in the record supports the trial court's judgment. Point III is denied.

The judgment of the trial court is affirmed.

MONTGOMERY, C.J., and BARNEY, J., concur.