**Catherine M. LONG, Respondent,**

v.

**Gordon L. LONG, Appellant.**

No. 25723.

Missouri Court of Appeals,
Southern District,
Division One.

June 4, 2004.

James R. Sharp, Sharp & Bredesen, Springfield, for appellant.

Justin A. Harris, Lowther Johnson, LLC, Springfield, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant Gordon L. Long ("Husband") appeals from the dissolution of marriage decree entered by the Honorable Don Burrell, Jr., ("Family Court Judge") after a hearing before Family Court Commissioner Scott Tinsley.

Husband and Respondent Catherine M. Long ("Wife") were married on September 6, 1994. At the time of the hearing, Husband was 60 years old and Wife was 56 years old. When the parties married, Husband was working at Dairy Farmers of America[1] as the director of pension and personnel services and Wife worked at St. John's Hospital as a nurse.

Just prior to the marriage, Wife had gone through a bankruptcy proceeding, and therefore, she brought only $1500.00 into the marriage. Husband brought approximately $84,000.00 into the marriage, including his equity in a house where the parties lived for the first few years of their marriage ("the South Sparks Street House").

In October 1998, Husband's position with Dairy Farmers of America was eliminated and Husband was offered a similar position in Kansas City. While Wife told Husband she preferred to stay in Springfield, she informed Husband it was his decision whether to take the job or retire. Husband elected to retire and has not worked since that time. Husband received $26,000.00 as severance pay upon his retirement.

In 2000, Husband received an inheritance of approximately $94,400.00, which Husband deposited into joint accounts with Wife. The equity in the Sparks Street House and a portion of Husband's inheritance was used to purchase the marital home that was then titled in Husband's and Wife's names ("the Sunset Street House"). At the time of the hearing, the parties had no outstanding debt on the Sunset Street House.

---

1. At the time of the marriage, Dairy Farmers of America was operating under the name of Mid–America Dairymen.

Husband and Wife separated on March 29, 2002. After the separation, Wife received over $130,000.00 in inheritance, which she deposited in an account in her sole name. According to Wife, she expected to receive an additional $30,000.00 to $36,000.00 together with $12,000.00 in interest earnings from the same inheritance.

On July 30, 2002, Wife filed a petition for dissolution of marriage. A hearing on Wife's motion was held before Commissioner Tinsley on May 28, 2003. Prior to this hearing, Husband and Wife were able to reach an agreement regarding certain non-marital property, which the parties stipulated to at the hearing. On June 3, 2003, Commissioner Tinsley entered Findings and Recommendations for Judgment and Decree of Dissolution of Marriage, which were adopted by the Family Court Judge on June 4, 2003.

In the judgment, Wife was awarded non-marital property valued at $250,768.49 plus $232.45 per month in earnings derived from a pension plan, together with marital property valued at $161,393.00.[2] Husband was awarded non-marital property valued at $252,930.00 plus $870.00 per month in earnings from his pension plan, and marital property valued at $211,360.00. As such, Husband was awarded approximately 56.7 percent of the marital property, and Wife was awarded approximately 43.3 percent of the marital property. Wife's award included liquid assets of $242,965.49 in non-marital property and $159,817.00 in marital property. Husband's award included liquid assets of $238,243.00 in non-marital property and $35,125.00 in marital

property. Husband was also awarded as marital property the Sunset Street House valued at $175,000.00. The judgment included an order that Husband pay Wife $1500.00 for attorney fees.

On June 20, 2003, Husband filed a Motion for Rehearing, which was denied on July 1, 2003. This appeal followed. Husband raises two points on appeal, addressed below.

■ In his first point, Husband maintains the court's judgment was an abuse of discretion and was not supported by substantial evidence because the court failed to consider that: (1) Husband contributed significantly more to the acquisition of marital property than Wife; (2) Wife received substantial inheritance after the separation while the majority of Husband's pre-marital and inheritance property was transmuted into marital property during the marriage; (3) Husband is retired with a fixed income and suffers from osteoporosis while Wife is employed with an income of over $50,000.00 per year, is living with a man who shares expenses, is in good health, and has "better economic prospects than Husband;" and (4) Wife was awarded "the vast majority of the parties' liquid bank accounts" while the marital home constituted the bulk of marital property awarded to Husband.[3]

"In a court-tried case, the decree of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Rivers v. Rivers*, 21 S.W.3d 117, 121 (Mo.

---

2. We note the exhibit identifying Wife's award of marital property appears to have a mathematical error, but as no party raises this issue and it does not impact the outcome, we will use those calculations included in the judgment.

3. Husband addresses other issues in the argument portion of his brief. However, " '[i]ssues not encompassed by the point relied on and raised only in the argument portion of the brief are not preserved for review.' " *Pearson v. Pearson*, 22 S.W.3d 734, 739 n. 4 (Mo.App.2000) (quoting *Lush v. Woods*, 978 S.W.2d 521, 525 (Mo.App.1998)).

App.2000). The trial court has broad discretion in identifying and assigning value to marital property. *Farley v. Farley*, 51 S.W.3d 159, 164 (Mo.App.2001); *Beckham v. Beckham*, 41 S.W.3d 908, 911 (Mo.App. 2001). The trial court is also given broad discretion in dividing property, and we will interfere with its decision only if the division is so unduly weighted in favor of one party that it amounts to an abuse of discretion. *Kirkwood v. Kirkwood*, 77 S.W.3d 675, 680 (Mo.App.2002); *King v. King*, 66 S.W.3d 28, 32–33 (Mo.App.2001). The trial court abuses its discretion only when its ruling is "clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *In re Marriage of Holden*, 81 S.W.3d 217, 225 (Mo.App.2002).

■ Furthermore, we review the evidence and inferences in the light most favorable to the trial court's decision and disregard all contrary evidence and inferences. *Kirkwood*, 77 S.W.3d at 680; *Love v. Love*, 72 S.W.3d 167, 171 (Mo.App.2002). "Judging credibility and assigning weight to evidence and testimony are matters 'for the trial court, which is free to believe none, part, or all of the testimony of any witnesses.'" *Love*, 72 S.W.3d at 171 (quoting *In re Marriage of Haugh*, 978 S.W.2d 80, 82 (Mo.App.1998)). We presume that the trial court took into account all evidence and believed such testimony and evidence that is consistent with its judgment. *Kirkwood*, 77 S.W.3d at 680.

The party challenging the trial court's judgment in a dissolution of marriage has the burden of demonstrating error. *Id.; King*, 66 S.W.3d at 33.

■ Pursuant to section 452.330.1, the trial court in a dissolution proceeding is to divide marital property and debts in such proportions as the court deems just after considering all relevant factors set out therein.[4] *See Rivers*, 21 S.W.3d at 122. Those factors listed in section 452.330.1 are not exhaustive, and the trial court has "great flexibility and far-reaching power in dividing the marital property." *Farley*, 51 S.W.3d at 165. There is no formula respecting the weight the trial court is to give the relevant factors set out in section 452.330.1. *Id.; see also Holden*, 81 S.W.3d at 225. "Disparity in the value of marital property awarded each spouse is justified if any of the relevant factors, statutory or otherwise, justify an unequal division." *Hayes v. Hayes*, 792 S.W.2d 428, 431 (Mo. App.1990).

As previously noted, Wife was awarded non-marital property valued at $250,768.49 plus $232.45 per month in pension earnings and marital property valued at $161,393.00, and Husband was awarded non-marital property valued at $252,930.00 plus $870.00 per month in pension benefits and marital property valued at $211,360.00. As to the liquid marital property, Wife was awarded $159,817.00 while Husband was awarded $35,125.00.

4. The relevant factors include:
   (1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;
   (2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;
   (3) The value of the nonmarital property set apart to each spouse;
   (4) The conduct of the parties during the marriage; and
   (5) Custodial arrangements for minor children.
All statutory references are to RSMo 2000, unless otherwise specified.

■ Husband first addresses his contribution to the marital estate. In summary, Husband claims he contributed over $318,000.00 of the marital estate while Wife contributed only $198,000.00 and that the Court should have considered his greater contribution in awarding marital property. As previously noted, there is no formula respecting the weight the Court is to give those factors set out in section 452.330.1. *Farley,* 51 S.W.3d at 165.

The court observed that Husband brought approximately $80,000.00 into the marriage while Wife brought very little. However, the court also noted that Wife continued to work throughout the marriage while Husband elected not to work for the last one-half of the marriage. In so noting, the court concluded that Wife's "contribution to maintaining the marital estate and paying marital expenses through her employment offset the pre-marital funds" that Husband invested in the marital estate. The court further acknowledged Husband received a substantial inheritance during the marriage that was transmuted into marital property and cited that inheritance as the primary reason Husband was awarded "a significantly greater percentage of the marital estate."

Husband directs our attention to nothing in the record that would indicate the court failed to consider the contribution of the parties toward the acquisition of the marital estate in dividing the marital property. *See Kahn v. Kahn,* 839 S.W.2d 327, 332 (Mo.App.1992). As such, we cannot conclude the court abused its discretion in awarding Husband 56.7 percent of the marital property or that such an award was not supported by substantial evidence.

■ Husband next argues that Wife received a substantial inheritance after the separation while the majority of Husband's pre-marital and inheritance property was transmuted into marital property during the course of the marriage. As best we discern, this is an allegation that the Court failed to consider the value of the non-marital property set apart to each spouse as required by section 452.330.1(3).

We observe that the value of the non-marital property set apart to each spouse is nearly equal with Husband receiving $2161.51 more than Wife. Further, the court noted that the stipulation that the parties entered into identified Wife's non-marital property as having a value of $98,154.00 and Husband's non-marital property was valued at $251,743.00. As such, we cannot find the court failed to consider the value of the non-marital property set apart to each spouse.

■ Husband next claims the court failed to consider that Husband is retired with a fixed income and suffers from osteoporosis while Wife is employed earning an income of over $50,000.00 per year, is living with a man who shares expenses of her household with her, is in good health, and has "better economic prospects than Husband."

In considering the economic circumstances of the parties at the time the division of property is to take effect, the court noted that neither party left the marriage with "any debt of significance." The court also found that Wife works full time and earns approximately $25.82 per hour plus benefits. The court acknowledged that Husband was retired and had not worked for approximately the last one-half of the marriage; however, the court found that Husband was capable of working full time and "has simply chosen not to do so." Further, the court noted Husband was awarded the Sunset Street House valued at $175,000.00, which had no debt owed on it, "in addition to the significant non-marital assets" awarded to him.

■ "The statutory factor 'economic circumstances' is broad enough to include a party's capacity to work and earn." *Cofer v. Price–Cofer*, 825 S.W.2d 369, 375 (Mo.App.1992). While Husband suffers from osteoporosis, evidence was presented that he frequently engages in demanding physical activity. Wife testified that Husband runs four to six miles at least every other day and participates in foot races. Indeed, he even finished first in his age group in one race. Wife testified that Husband was capable of working and had made no attempt to obtain employment.

Based on the evidence presented and the court's findings, we cannot say the court failed to consider the economic circumstances of the parties in dividing the marital property.

■ Finally, Husband asserts the court improperly awarded Wife "the vast majority of the parties' liquid bank accounts" while the majority of Husband's award consisted of the marital home. Citing *In re Marriage of Kirkham*, 975 S.W.2d 500 (Mo.App.1998), Husband claims that an award of "the vast majority of income producing assets to the employed party is evidence of an abuse of the trial court's discretion and a reason to reverse the division of marital property." This is not a compelling argument.

A review of *Kirkham* reveals that the appellate court concluded the trial court erred because it awarded the wife only 34.6 percent of the marital property and *none* of the income producing assets. *Kirkham*, 975 S.W.2d at 507. However, in the case at bar, Husband received 56.7 percent of the marital property and is complaining that he received an *unequal* division of liquid assets.

While we acknowledge Husband received only 18.02 percent of the liquid marital property, Husband received 56.7 percent of the total marital property. As Husband noted, the majority of his award is comprised of the Sunset Street House valued at $175,000.00. However, Husband requested he be awarded the Sunset Street House. As such, we can find no error in the trial court awarding him that which he requested in lieu of a greater portion of liquid assets. *See Jordan v. Jordan*, 984 S.W.2d 878, 882 (Mo.App. 1999). Considering the totality of the court's division of property, awarding Wife the majority of income-producing marital property was fair and does not constitute an abuse of discretion. *See id.*

Husband's first point on appeal is denied.

■ In his second point on appeal, Husband claims the award of attorney fees is in error because Wife received the majority of the liquid marital assets, Wife was in a better financial position to pay the attorney fees, and Wife was responsible for the increased cost of the litigation.

A trial court is given great discretion in awarding attorney fees and costs in a dissolution proceeding, and the court's decision should not be overturned unless it amounts to an abuse of discretion. *Silcox v. Silcox*, 6 S.W.3d 899, 905 (Mo. banc 1999). "The party challenging the award has the burden to prove an abuse of discretion, which will be found only where the decision is so arbitrary as to shock one's sense of justice." *Id.*

■ With regard to awards of attorney fees, Missouri courts generally follow the "American rule," which provides that each party should bear his or her own litigation expenses. *Cohen v. Cohen*, 73 S.W.3d 39, 55 (Mo.App.2002). " 'However, a trial court may order one party to pay the other's attorney's fees and costs where such is authorized by statute.' " *Id.* (quoting *Laubinger v. Laubinger*, 5 S.W.3d 166,

181 (Mo.App.1999)). In that respect, section 452.355.1 provides that the trial court may award attorney fees to a party in a dissolution action after "considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action...."

"The trial court is not limited to considering the financial resources of the parties in awarding attorney's fees, but may consider all relevant factors." *In re Fuldner*, 41 S.W.3d 581, 596 (Mo.App. 2001). Where misconduct has taken place, a trial court may grant a partial award of attorney fees, even where the parties' financial condition does not otherwise necessitate an award of fees. *See T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo. banc 1989). A party's actions during the pendency of litigation may be considered in determining whether to make an award for attorney fees, especially when those fees were the result of the other party's improper conduct. *See Taylor v. Taylor*, 12 S.W.3d 340, 348 (Mo.App.2000); *Runyan v. Runyan*, 907 S.W.2d 267, 273 (Mo.App. 1995).

Wife testified that she incurred attorney fees in the amount of $13,873.82 and was awarded only $1500.00. Furthermore, and as noted in the judgment, Husband withdrew $10,000.00 from marital accounts to pay a portion of his own attorney fees during the pendency of the dissolution proceeding.

Both parties testified as to the conduct of the other party that resulted in increased costs of litigation. Husband testified he incurred greater attorney fees because he was forced to compel discovery when Wife failed to comply. He further cites Wife's dishonesty in depositions and interrogatories as misconduct that caused an increase in attorney fees. On the other hand, the record shows Wife filed a Motion for Attorneys' Fees and Costs of Mediation because Husband requested mediation and then refused to make any proposal or counter-proposal for settlement during the course of the mediation.

Viewing the court's actions in a light most favorable to the judgment, it can be inferred that the court "believed that actions attributable to Husband caused the fees and expenses to be higher than would normally be the case." *Fuldner*, 41 S.W.3d at 597. The record supports the court's action. We also note that Wife was not awarded all of the attorney fees she requested. In our view, the award of attorney fees in the amount of $1500.00 did not constitute an abuse of discretion by the court. *See Adair v. Adair*, 124 S.W.3d 34, 41 (Mo.App.2004). Point denied.

The judgment is affirmed.

PREWITT, J. and GARRISON, J., concur.