**Ellen F. JENNINGS, Respondent,**

v.

**Luther E. JENNINGS, Appellant.**

### No. ED 93601.

Missouri Court of Appeals,
Eastern District,
Northern Division.

### Dec. 7, 2010.

22

Bruce E. McGuire, Bowling Green, MO, for Appellant.

Malaine P. Hagermeier, Bowling Green, MO, for Respondent.

Before ROY L. RICHTER, C.J., CLIFFORD H. AHRENS, J., and GLENN A. NORTON, J.

---

*OPINION*

GLENN A. NORTON, Judge.

Luther E. Jennings ("Husband") appeals the judgment dissolving his marriage to Ellen F. Jennings ("Wife"). We affirm.

## I. BACKGROUND

The trial court entered judgment dissolving the marriage of Husband and Wife. The court divided marital property and awarded Wife the marital residence and a portion of the value of a Ford Mustang as her separate property. Proceeds from the sale of Wife's 202 acre farm, which she owned before the marriage, were used to pay off the loan on the marital residence. In addition, the parties used a portion of the proceeds from the sale of Wife's farm to purchase a Chevrolet Impala, which was ultimately traded in as a $10,000.00 down payment on the Ford Mustang. Husband now appeals the trial court's judgment.

## II. DISCUSSION

### A. Standard of Review

Each of Husband's three points on appeal concern allegations of error in the trial court's division of property. In a dissolution case, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Workman v. Workman,* 293 S.W.3d 89, 95 (Mo.App. E.D.2009).

When reviewing the trial court's division of property, we give deference to the trial court, which has extensive discretion. *Id.* at 95. We will not reverse a trial court's determination in this regard unless the division of property is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Id.* "It is not *per se* an abuse of discretion if the trial court awards one party a considerably higher percentage of the marital property than it awarded the other party." *Id.* at 96.

### B. Division of Property was not Abuse of Discretion

In point one on appeal, Husband claims the trial court improperly applied the source of funds rule and based upon this theory mischaracterized the marital residence and a portion of the value of the 2006 Ford Mustang ("the vehicle") owned by the parties as Wife's separate property. The source of funds theory dictates that the character of property will be determined by the source of funds financing the purchase. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 824 (Mo. banc 1984). According to Husband, the marital residence and the vehicle were clearly jointly titled property purchased by the parties during the marriage with marital funds. Point two on appeal makes essentially the same claim regarding the improper classification of the residence and the vehicle as separate property based upon the fact that even assuming the residence and the vehicle were Wife's separate property initially, they were transmuted into joint assets by her actions.

■ Husband's argument concerning the characterization of the residence and the vehicle as Wife's separate property may have some merit. Wife used both the rental income and the sale proceeds from the 202 acre farm she owned prior to the marriage to contribute to the purchase of the marital residence and the vehicle. However, the residence and the vehicle were ultimately titled in both parties' names, and the residence was also partially paid for with marital funds. Based on these facts, it appears as though the trial court's classification of the residence and the vehicle as Wife's separate property may have been erroneous. "Regardless, error in classifying property as marital or non-marital does not require reversal unless it materially affects the merits of the action." *Patterson v. Patterson*, 207 S.W.3d 179, 189 (Mo.App. S.D.2006). We will reverse for such error only if it causes the division of property to be so unduly weighted in favor of one party to amount to an abuse of discretion. *Id.*

■ Assuming the marital residence and the portion of the value of the vehicle should have been classified as marital property, we consider whether the division of property was so unduly weighted in favor of one party to amount to an abuse of discretion. In this case, Wife did ultimately receive a significantly greater percentage of the marital property than Husband when including the marital residence and the portion of the value of the vehicle. However, if the trial court awards one party a significantly higher percentage of marital property, it is not an abuse of discretion *per se. Workman*, 293 S.W.3d at 96. Instead, the division of property must only be fair and equitable given the particular circumstances of the case. *Id.* Pursuant to section 452.330.1 RSMo 2000, the trial court must consider "all relevant factors" when dividing marital property

and debt, including the contribution of each spouse to the acquisition of the property. Disparity in the division of marital property is appropriate if any of the relevant factors justify the unequal division. *Workman*, 293 S.W.3d at 96.

In this case, Wife's contribution to the acquisition of the marital residence and the vehicle, as well as other marital property justified the disparity in the division of property. Wife was awarded the full value of the marital residence, as well as a portion of the value of the vehicle, among other marital property. It is undisputed that Wife used a portion of the proceeds from the sale of her 202 acre farm, which was acquired before the marriage, to pay off the mortgage on the marital residence. At the time the outstanding balance of the loan was approximately $104,000.00. In addition, a portion of the proceeds from the sale of Wife's farm was used to purchase a Chevrolet Impala, which was ultimately traded in as a $10,000.00 down payment on the Ford Mustang. Moreover, throughout the marriage the parties used the proceeds from the sale of Wife's farm to make investments and they placed a large amount of the proceeds in a savings account, which was used by both Husband and Wife. They also purchased motorcycles with the money. The record also reflects that Wife made roughly $20,000.00 more per year in income than Husband during their marriage. Considering the significant contribution Wife made to the acquisition of most of the marital property through the use of proceeds from the sale of her separate property, and through the use of her higher income, the disparity in the division of property in this case was justified. Therefore, the trial court did not abuse its discretion. Points one and two on appeal are denied.

## C. Husband's Separate Property

■ In point three on appeal, Husband claims if the court properly applied the

source of funds rule, it should have traced back Husband's separate assets as the source of funds used to finance marital property, including a $75,000.00 "gift" given to him by Wife as well as the proceeds from the sale of his mobile home owned before the marriage. Husband's arguments are without merit.

 With respect to the alleged "gift" of $75,000.00, Husband claims Wife gave him this money when he told her that is what it would take for him to leave the marriage. Wife testified she did not recall the circumstances surrounding the check written to Husband for $75,000.00; however, she believed it was to be used to open an account with Edward Jones. She did not recall offering Husband money to leave the marriage. "We defer to the superior ability of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles not revealed in the transcript." *Workman*, 293 S.W.3d at 95. Here, it is clear the trial court considered the testimony of both parties and concluded the check written to Husband for $75,000.00 was not a "gift." This conclusion was supported by the record, and therefore, the trial court did not err in failing to set aside the $75,000.00 as Husband's separate property.

 Husband also claims he should have been awarded the $5,000.00 from the proceeds of the sale of his mobile home as separate property. Husband acknowledges the proceeds were commingled with marital assets, but he argues the court should have traced back the $5,000.00 as his separate property. We disagree. As noted above, the erroneous classification of property will not be considered grounds for reversal unless it materially affects the merits of the action. *Patterson*, 207 S.W.3d at 189. We will reverse for such error only if it causes the division of property to be so unduly weighted in favor of

one party to amount to an abuse of discretion. *Id.* As previously discussed, the court considered the contributions of each party to the acquisition of marital property in dividing the property. In light of Wife's contribution to the acquisition of marital property, the trial court did not abuse its discretion in failing to set aside $5,000.00 to Husband and in awarding Wife a larger portion of the property. Point three on appeal is denied.

### III. CONCLUSION
The judgment is affirmed.

ROY L. RICHTER, C.J. and CLIFFORD H. AHRENS, J., concur.