363 S.W.3d 428 (2012)
In the Interest of: N.A.U., Juvenile.
No. ED 97152.
Missouri Court of Appeals, Eastern District, Division Four.
March 20, 2012.
Donald J. Hager, Farmington, MO, for Appellant.
Tammy Steward, Juvenile Officer, Farmington, MO, for Respondent.
S.L.H., Bonne Terre, MO, Pro Se.
John M. Williams, Park Hills, MO, Guardian Ad Litem.
ROBERT M. CLAYTON III, Judge.
T.A.U. ("Mother") appeals the judgment terminating her parental rights.[1] We reverse and remand.

*429 I. BACKGROUND
Mother's minor child, N.A.U., was born on January 21, 2009. He was removed from her custody and placed in the custody of the Missouri Children's Division in August 2009. The Juvenile Officer filed a petition for termination of Mother's parental rights to N.A.U. in April 2011. During the trial upon the Juvenile Officer's petition to terminate Mother's parental rights, the court heard testimony from several witnesses. Christy Kemp, N.A.U.'s case worker, testified extensively about the grounds for termination of Mother's parental rights. According to Kemp, Mother had a consistent pattern of using drugs and alcohol. Mother was required to submit to alcohol and drug screening as a condition of her visitation with N.A.U. Kemp testified that during the time N.A.U. was in custody of the Children's Division, Mother tested positive for marijuana and had numerous positive tests for alcohol. Mother was denied visitation with N.A.U. on more than ten occasions because of her positive alcohol tests. In addition, Mother herself testified and acknowledged her alcohol abuse harmed her visitation with N.A.U. Kemp also testified Mother refused in-patient treatment for her alcohol abuse.
Kemp stated during the approximately two years N.A.U. was in custody of the Children's Division, Mother sent only one coloring page to him and did not maintain regular contact otherwise. Mother also failed to provide any financial support for the care of N.A.U. during this time. Kemp testified Mother was living with Mother's stepfather, against whom Mother's daughter, M.U.,[2] made allegations of sexual abuse. Kemp informed Mother they would not be able to reunify her with N.A.U. while she lived with her step-father. Kemp noted Mother had made little progress complying with her written service agreement, and Kemp did not believe additional services would bring about lasting adjustment to enable N.A.U.'s return to Mother's custody. In Kemp's opinion, Mother was unfit to parent N.A.U. because of her pattern of alcohol abuse.
The trial court entered its judgment terminating Mother's parental rights to N.A.U. and found that such termination was in N.A.U.'s best interests. Mother now appeals.

II. DISCUSSION

A. Standard of Review
The termination of parental rights requires a two-step analysis. In re K.A.C., 246 S.W.3d 537, 543 (Mo.App. S.D. 2008). First, the trial court must find that clear, cogent, and convincing evidence exists of one or more statutory grounds for termination of parental rights under Section 211.447 RSMo Cum.Supp.2007.[3]Id. We may affirm the trial court's judgment upon proof of only one of the statutory grounds alleged. Id. Once the trial court has determined one of the statutory grounds for termination exists, the trial court must then determine whether, by a preponderance of the evidence, termination is in the best interests of the child. Id.
Mother concedes she did not properly raise her claims in a post-judgment motion pursuant to Missouri Supreme Court Rule 78.07,[4] and she seeks plain error review. Rule 78.07 requires that to be preserved *430 for review, allegations of error concerning the failure to make required findings in a judgment be raised in a motion to amend. Although Mother failed to make a claim regarding the trial court's failure to make such required findings in a post-trial motion, we may exercise our discretion to review Mother's claim for plain error under Rule 84.13(c). We must determine whether there is error that is evident, obvious, and clear, and which resulted in a manifest injustice or miscarriage of justice. In re R.S.L., 241 S.W.3d 346, 351 (Mo.App. W.D.2007).

B. Trial Court's Findings Were Insufficient
Mother asserts two points on appeal; however, each point appears to make the same claim. In each point, Mother claims the trial court plainly erred in terminating her parental rights to N.A.U. because the trial court did not make any finding regarding the statutory grounds for termination or that such grounds were proven by clear, cogent, and convincing evidence.
The juvenile officer sought to terminate Mother's parental rights to N.A.U. on several grounds. First, the juvenile officer alleged termination was proper pursuant to Section 211.447.5(6), because Mother was unfit to be a party to the parent and child relationship due to a consistent pattern of drug and alcohol abuse in front of the child. The juvenile officer also alleged termination was proper under this section because conditions, including the drug and alcohol abuse, existed that resulted in Mother's inability to care for N.A.U.'s ongoing physical, mental, or emotional needs. Finally, the juvenile officer alleged termination was appropriate under Section 211.447.5(3) because the conditions which led to the assumption over N.A.U. continued to exist and could not be remedied in the near future to enable N.A.U. to return to Mother's custody.
The trial court was required to find at least one of the statutory grounds for termination by clear, cogent, and convincing evidence to terminate Mother's parental rights. In re M.A., 185 S.W.3d 256, 261 (Mo.App. W.D.2006). The court must first find a statutory ground has been proven, and then it can proceed to the second step, which is a determination of whether the termination is in the best interests of the child. Id. Although significant evidence was presented to support each of the statutory grounds alleged to support termination, the trial court failed to make any finding as to which specific statutory ground supported termination of Mother's parental rights. Moreover, the trial court did not make any findings concerning the evidence supporting termination of Mother's parental rights. Instead, the court only made specific findings as to whether termination was in the best interests of N.A.U. The trial court's failure to specify upon what grounds it was basing its termination of Mother's parental rights, and its failure to make any findings concerning the evidence supporting any such grounds constituted a miscarriage of justice. Mother's points on appeal are granted.

III. CONCLUSION
The judgment of the trial court terminating Mother's parental rights to N.A.U. is reversed and the cause is remanded to the court to make sufficient findings under Section 211.447, as supported by the record, and to enter judgment in accordance with the statute.
PATRICIA L. COHEN, P.J. and GLENN A. NORTON, J., concur.
NOTES
[1] The court also terminated the parental rights of S.L.H. II, N.A.U.'s legal father; however, Hudson does not appeal the court's judgment terminating his rights.
[2] M.U. had previously been removed from Mother's care, and remained in the custody of the State at the time of trial.
[3] All further statutory references are to RSMo Cum.Supp.2007.
[4] All further references to Rules are to Missouri Supreme Court Rules (2011).