

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| JAMES D. COPLING, | ) | No. ED99554 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Warren County |
| vs. | ) | |
| | ) | Honorable Thomas J. Frawley |
| LIN GAO, | ) | |
| | ) | |
| Defendant/Appellant. | ) | Filed:  May 13, 2014 |

### INTRODUCTION

Lin Gao ("Mother") appeals from the trial court's judgment dissolving her marriage to James Copling ("Father") and awarding sole custody of minor child ("Child") to Father. Mother contends the trial court erred by: (1) failing to make written findings under section 452.375, R.S.Mo. (2000); (2) awarding Father sole custody; and (3) failing to appoint a guardian ad litem under section 452.423.2, R.S.Mo. (Cum. Supp. 2009).[1] We agree with Mother's third point, which we find dispositive. The court erred by failing to

---

[1] Mother presents an additional "Point Relied On" that states: "Dismissing Wife's Appeal for Failure to file the Required Motion to Amend the Judgment . . . would be unjust, and this court may relax the rigid requirements of the Rules when the case relates to the welfare of children." Rule 84.04(d) requires that a point relied on: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." This "point" fails to fulfill any of the requirements set forth in Rule 84.04(d), and we therefore decline to consider it.

appoint a guardian ad litem. We reverse the trial court's judgment and remand for appointment of a guardian ad litem and a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, in Shanghai, Father married Mother, who is from China. In 2005, Child was born during the marriage. Thereafter, the family moved to Missouri, where they lived together until October 2008, when Mother and child moved out of Father's residence. Mother and child lived together until August 2012, when Father began caring for child while Mother searched for stable housing.

In September 2012, Father filed a petition for dissolution of marriage and submitted a parenting plan requesting sole custody of child. On October 8, 2012, Father timely served Mother with the petition and filed notice setting the dissolution hearing for November 9, 2012.

On November 6, 2012, Mother filed a document she refers to as "my pleading." In it, Mother requested, inter alia, that Father "honor and respect Clayton Court Ex Part [sic] Order of Child Protection," "[t]hat [Father] take parenting class and domestic violence class," and damages for, among other reasons, "life damaging and hurting," actions.[2] Mother also requested a continuance which the trial court granted, rescheduling the trial for December 7, 2012. The trial court also appointed a Mandarin language interpreter to assist Mother at trial, because Mother is not fluent in English.

At the dissolution hearing, Father appeared with counsel, and Mother appeared unrepresented. The court-appointed interpreter also appeared. The parties both offered testimony regarding Mother's allegations of having obtained an ex parte order of child

---

[2] Although Father's counsel attempted to obtain a default judgment by arguing Mother failed to file an answer, the court indicated that Mother's responsive pleading was sufficient.

protection against Father. Father testified that Mother filed a petition for an order of child protection in St. Louis County, but it was stayed and eventually dismissed. Mother testified, largely without the aid of her interpreter, under questioning by the judge as follows:

> THE COURT: When did you and your husband stop living together?
>
> THE INTERPRETER: Stopped, right? Stopped?
>
> MOTHER: It's 2008, October 3, that time police come. Said, I cannot go on you here, because of my husband violence action. And if I go you here, it's not good for my child. They let me—must immediately take my child. They send me to the safer—
>
> THE COURT: So you—Ma'am, you and your husband have not lived together since October of 2008; is that right?
>
> MOTHER:  2008, October.
>
> THE COURT: Okay. All right.
>
> MOTHER: About October 3, beginning of October.
>
> . . . .
>
> MOTHER: And one more thing about—because in the past my husband has violence action in St. Louis, the court has a full order of protection paper against my husband. And also, during—in Warrenton, in St. Louis, my husband had other child order of protection. And the reason this case dismissed on Clayton court, because my—the other day I get home from work. My husband come to my working place. He follow me to my working place.
>
> THE COURT: Ma'am, do you have an order of protection?
>
> MOTHER:  Because—
>
> THE COURT: No. Ma'am, do you have an order of protection?
>
> MOTHER: I haven't now, because it dismissed.
>
> THE INTERPRETER: Wait, wait, wait. I have not.

THE COURT: Okay. Thank you. Then that will conclude—Ma'am, I've heard what you've had to tell me. I'll do the best I can for you, your husband and your daughter.

After the hearing, the court entered its judgment of dissolution and awarded Father sole physical custody of Child. Mother timely appeals.[3]

## STANDARD OF REVIEW

Generally, in a dissolution case, we will affirm the trial court's judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Jennings v. Jennings*, 327 S.W.3d 21, 23 (Mo. App. E.D. 2010). "We will not retry the case, but rather, we accept as true the evidence and reasonable inferences therefrom in the light most favorable to the trial court's decision and disregard all contradictory evidence and inferences." *Hoberock v. Hoberock*, 164 S.W.3d 26, 30 (Mo. App. E.D. 2005).

If a party, however, fails to raise an argument or claim of error at the trial court level, the matter is not preserved for our review. *See Osborne v. Osborne*, 978 S.W.2d 786, 790-791 (Mo. App. W.D. 1998). We review unpreserved arguments only for plain error. Rule 84.13(c). Review for plain error is granted sparingly, and is reserved for those cases where there appears to have been a manifest injustice or miscarriage of justice. *Id.*; *Osborne*, 978 S.W.2d at 791.

## DISCUSSION

Mother's third point is dispositive. She contends the trial court erred in failing to appoint a guardian ad litem under section 452.423.2 to represent the best interests of Child. Specifically, she argues the court was required to appoint a guardian ad litem

---

[3] Mother is represented by counsel in this appeal. Father, however, neither entered his appearance nor filed a respondent's brief with this Court.

because she raised allegations of abuse against Father "in her responsive pleading and in trial testimony." We agree.

As a preliminary matter, we observe that Mother raises this point of error for the first time on appeal. Thus, Mother did not preserve this issue for our review. *See Pope v. Pope*, 179 S.W.3d 442, 450 (Mo. App. W.D. 2005) (determining, "sua sponte" whether issues raised on appeal were properly preserved at the trial level).

However, if an error is evident, obvious, and clear, we may exercise our discretion to review for plain error to correct a manifest injustice or miscarriage of justice. *In re N.A.U.*, 363 S.W.3d 428, 430 (Mo. App. E.D. 2012). Here, Mother alleged in both her pleadings and testimony at trial that Father subjected Child to abuse. In the interest of protecting Child from the potential for abuse or neglect, we will exercise our discretion to review for plain error Mother's claim regarding the court's failure to appoint a guardian ad litem, as did the Missouri Supreme Court in *Rombach v. Rombach*, 867 S.W.2d 500, 502, 504 (Mo. banc 1993). *See also Ludvik v. Ludvik*, 969 S.W.2d 284, 287 (Mo. App. E.D. 1998) ("[W]e acknowledge the potential for abuse inherent in the triggering of the appointment of a guardian ad litem by a simple allegation, we must follow the mandate of the legislature whose intent it was to protect unrepresented children from abuse and neglect.").

Under section 452.423.2, the legislature requires, that: "[t]he court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged." "The language of section 452.423.2 is plain and unambiguous: An appointment of a guardian is mandatory only when allegations of child abuse or neglect are raised in one or both parties' pleadings." *Soehlke v. Soehlke*, 398 S.W.3d 10, 15 (Mo. banc 2013). The trial

court must assess the parties' allegations of abuse in the context of the case and in light of the best interest of the child. *Id.* at 18. It is the allegation of abuse, not the proof of abuse or neglect, which triggers the trial court's duty to appoint a guardian ad litem. *Ludvick v. Ludvick*, 969 S.W.2d 284, 286 (Mo. App. E.D. 1998); *Taylor v. Taylor*, 60 S.W.3d 652, 655 (Mo. App. E.D. 2001). "The best interests of the child are always paramount in cases of this nature, and it is the duty of the guardian ad litem to protect those interests." *Wilkinson v. DeClue*, 890 S.W.2d 774, 776 (Mo. App. E.D. 1995).

The facts of this case are similar to those in *Wilkinson v. DeClue*. In *Wilkinson*, father argued the court erred by failing to appoint a guardian ad litem for his son in a custody dispute, despite father's allegations in his motion to set aside a default judgment, that "[mother] lives with a man who [sic] the child is afraid of due to physical abuse by the man." *Wilkinson*, 890 S.W.2d at 776. The court considered relevant the fact that father had previously obtained a full order of child protection based on allegations of abuse and found that father repeated the allegations in his pleading by referencing his son's fear "due to physical abuse by [mother's boyfriend]." *Id.* The *Wilkinson* court also noted that Father reiterated these allegations in his testimony. *Id.* at 777. Because the trial court failed to appoint a guardian in the face of father's allegations, the court in *Wilkinson* reversed and remanded for appointment of a guardian ad litem and a new custody hearing. *Id.*

We find *Wilkinson* controlling. Here, much like in *Wilkinson*, Mother obtained an ex parte order of child protection against Father while the dissolution was pending.[4]

---

[4] We note that the public record reflects an ex parte order of child protection issued against Father on October 16, 2012, in the Circuit Court of St. Louis County, cause number 12SL-PN04861, and was dismissed on December 3, 2012 for Mother's failure to appear. Although the cause was dismissed, the ex parte order was in effect at the time Mother filed her pleadings and during the pendency of the dissolution

6

Mother's responsive pleading referred to the ex parte order when she alleged that Father must "honor and respect Clayton Court Ex Part [sic] Order of Child Protection." Mother also alleged that Father needed to take "domestic violence class." Furthermore, at the dissolution hearing, Mother reiterated her allegations when she testified that multiple orders of protection had been filed against Father, and police had become involved on October 3, 2008, due to Father's "violence action."

The interests of the child are paramount "in matters involving possible abuse or neglect," and the trial court's attention "must be intensely directed to their protection." *Rombach*, 867 S.W.2d at 504. Here, just as father did in *Wilkinson*, Mother sufficiently alleged abuse in her pleadings and testimony. The trial court, however, failed to appoint a guardian ad litem. And when Mother attempted to testify to her allegations at trial, the court cut short Mother's testimonial allegations and the interpreter's attempt to translate.[5] Thus, the trial court committed a clear, obvious and evident error when it failed to appoint a guardian ad litem to protect the child's interests, as required by section 452.423.2.

Furthermore, the trial court's error resulted in a miscarriage of justice. The trial court awarded sole custody to Father without the benefit of a guardian ad litem's

proceedings. In Missouri, a court may immediately issue an ex parte order of child protection upon the filing of a verified petition, "for good cause shown." § 455.513.1, R.S.Mo. (Cum. Supp. 2011). The definition of "good cause" expressly includes allegations establishing "[a]n immediate and present danger of domestic violence or stalking to a child." *Id.* Generally, orders of child protection may be sought if a child "has been subject to domestic violence by a present or former household member or person stalking the child." § 455.505, R.S.Mo. (Cum. Supp. 2011). Physical, sexual, emotional abuse, or stalking of a child are all grounds for the issuance of an order of child protection. *Stiers v. Bernicky*, 174 S.W.3d 551, 554 (Mo. App. W.D. 2005).

[5] Although we generally accord the trial court discretion in determining the method by which it accepts testimony from witnesses who require an interpreter, *see Kley v. Abell*, 483 S.W.2d 625, 627-628 (Mo. Ct. App. 1972), absent corrective action to clarify unclear testimony, the court risks creating an opaque record that presents problems not typically encountered by a reviewing court. Here, we note the interpreter stated she was having difficulty translating for Mother "[b]ecause the counsel speak kind of fast and I not quite get it." If the trial court appoints an interpreter, the court has a duty to ensure the interpreter is competent. *Id.* at 628.

7

investigation into the allegations of Father's abuse. *See Rombach*, 867 S.W.2d at 503 ("For a guardian ad litem to be of the most benefit to the child, he or she must be involved from the pleading stage of the lawsuit. Only then will the guardian have an opportunity to investigate, discover and marshal those facts necessary to protect the interests of the child at trial."). Consequently, the trial court committed plain error by failing to appoint a guardian ad litem as required by section 452.423.

## CONCLUSION

Accordingly, we reverse the judgment of the trial court and remand for appointment of a guardian ad litem under section 452.423 and a new trial.

_____
Lisa S. Van Amburg, Presiding Judge

Patricia L. Cohen, J. and
Philip M. Hess, J., concur.