

*In the*

*Missouri Court of Appeals*

*Western District*

| | |
|---|---|
| **JAMES BRIGHT,** | **WD76770** |
| **Respondent,** | **OPINION FILED:** |
| **v.** | **May 13, 2014** |
| **JANET BRIGHT,** | |
| **Appellant.** | |

**Appeal from the Circuit Court of Ray County, Missouri
The Honorable James Carey Thompson, Judge**

**Before Division Four: James Edward Welsh, C.J.,
Lisa White Hardwick, J., and Gerald D. McBeth, Sp. J.**

Janet Bright (Wife) appeals the circuit court's judgment dissolving her marriage to James

Bright (Husband). Wife contends that the circuit court erred in awarding Husband "73 percent of

the marital estate" because it failed to correctly apply the factors in section 452.330.1, RSMo

2000, in dividing the marital estate. We disagree and affirm the circuit court's judgment.

The parties married on September 23, 2000. After almost 12 years of marriage, Husband

filed a "Petition for Dissolution of Marriage" on July 3, 2012. Wife filed her answer to

Husband's petition for dissolution on September 13, 2012. The case proceeded to trial on

March 14, 2013. The circuit court entered its "Amended Judgment of Dissolution of Marriage" on July 12, 2013.

In dividing the marital property and marital debts, the circuit court stated that it considered "all relevant factors as set forth under Section 452.330.1 RSMo., including but not limited to the contribution of each spouse to the acquisition of the marital asset, including the contribution of either spouse as homemaker." The circuit court said that it also considered "the increase in value of property acquired prior to the marriage where marital assets, including labor have contributed to the increase."

The circuit court awarded Husband a house and real property located at 16486 Highway C in Rayville, Missouri. This property initially was the non-marital property of Husband, but after the marriage, Husband conveyed the property to Wife and himself as husband and wife. The circuit court determined that the house and real property had a value of $180,000 at the time of the marriage, that Husband provided the contribution for the acquisition of the asset, and that the current value of the property was $230,000. The circuit court also ordered Husband to assume and pay the outstanding balance of $6,000 debt against the property. Further, the circuit court awarded Husband the marital share of Husband's cattle breeding and farming business, which amounted to $6,920.50 in proceeds from the sale of cattle, $64,500 for cattle in the business's inventory, and $60,500 for farm equipment. The circuit court, however, ordered Husband to pay outstanding loan balances of $32,089 on the farm equipment. The circuit court also awarded Husband a whole life insurance policy with a cash surrender value of $13,609. Husband had purchased the policy on Apri12, 1993. The policy was funded by Husband for seven years prior to the marriage, and then, after the parties married, the policy was funded by marital assets for approximately 13 years. The marital portion of the surrender value was

2

$8,846. Finally, the circuit court awarded Husband all of the items of marital property in his possession except for certain items requested by Wife and awarded Husband a 1997 Ford truck valued at $3,000, a 1999 Ford F350 truck valued at $3,000, and a 1996 Toyota Corolla valued at $1,000. The circuit court also stated that Husband owned separate, non-marital property consisting of a 1991 Crown Victoria and a money market account with a balance of $38,000.

As to Wife, the circuit court awarded her the mobile home and real property located at 12708 Klatt Road in Excelsior Springs, Missouri. This property initially was the non-marital property of Wife. After the marriage of the parties, Wife conveyed the property to Husband and herself as husband and wife. The circuit court determined that the mobile home and real property had a value of $25,000 at the time of the marriage, that Husband provided the contribution for the acquisition of the asset, and that the current value of the property was $40,000. Further, the circuit court awarded Wife all of the items of marital property in her possession, certain household personal effects in Husband's possession valued at $1,535, and a 1997 Toyota 4-Runner valued at $500. The circuit court also awarded Wife one-half of the marital interest portion of Husband Union Pacific Railroad non-Tier 1 benefits under the Railroad Retirement Act, ordered that Husband pay modifiable maintenance to Wife in the amount of $500 a month, ordered Husband to pay $1,500 to Wife for her attorney fees, and assessed costs against Husband.

Regarding the marital property, the circuit court ordered Husband to pay Wife the sum of $60,000, "to more fairly and equitably divide and allocate the values of the marital property[.]" The circuit court said that in reaching this sum, the court considered:

> the value of the assets and the amount of the debts set over and allocated to each party, the value of the contribution of each spouse where appropriate to the acquisition of the assets acquired during the marriage, and the contribution of

3

[Wife] both as a homemaker and as the business bookkeeper [for the cattle breeding and farming business].

In her sole point on appeal, Wife contends that the circuit court erred in dividing the marital estate because it failed to correctly apply the factors in section 452.330.1, RSMo 2000, in dividing the marital estate. She asserts that the circuit court abused its discretion in awarding Husband "73 percent of the marital estate" and awarding her "27 percent of the marital estate." We disagree and affirm the circuit court's judgment.

In a dissolution proceeding, we will affirm the circuit court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Green v. Green*, 341 S.W.3d 893, 894 (Mo. App. 2011). The circuit court has broad discretion in dividing property in a dissolution action, and we will interfere with its decision only if the division is so unduly weighted in favor of one party that it amounts to an abuse of discretion. *O'Connor v. Miroslaw*, 388 S.W.3d 541, 551 (Mo. App. 2012). We view the evidence in the light most favorable to the ruling of the circuit court and "find an abuse of discretion only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Kelly v. Kelly*, 340 S.W.3d 673, 676 (Mo. App. 2011) (citation omitted and internal quotation marks omitted). We presume that the circuit court's division of the property is correct, and the party challenging the division bears the burden of overcoming the presumption. *Jenkins v. Jenkins*, 406 S.W.3d 919, 925 (Mo. App. 2013).

Section 452.330.1, provides:

> In a proceeding for dissolution of the marriage or legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a

4

court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective . . . ;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

The factors listed in section 452.330.1 are not exhaustive, and the circuit court has "'great flexibility and far-reaching power in dividing the marital property.'" *Long v. Long*, 135 S.W.3d 538, 542 (Mo. App. 2004) (citation omitted). No set formula exists establishing the weight given to the factors considered under section 452.330.1. *Jones v. Jones*, 277 S.W.3d 330, 337 (Mo. App. 2009). "'Disparity in the value of marital property awarded each spouse is justified if any of the relevant factors, statutory or otherwise, justify an unequal division.'" *Long*, 135 S.W.3d at 542 (citation omitted). "The fact that the trial court awarded one party a considerably higher percentage of the marital property than it awarded the other is not *per se* an abuse of discretion." *Rivers v. Rivers*, 21 S.W.3d 117, 123 (Mo. App. 2000). The division of marital property does not have to be equal, but must only be fair and equitable. *Jenkins v. Jenkins*, 368 S.W.3d 363, 367 (Mo. App. 2012).

As to the first factor in section 452.330.1(1), which concerns the economic circumstances of the parties, the evidence established that Wife was unemployed and disabled but was receiving

5

$1,729 a month in social security and $166 a month from a pension from a law firm in New York. The circuit court also awarded Wife $500 a month in maintenance and awarded Wife one-half of the marital interest portion of Husband Union Pacific Railroad non-Tier 1 benefits under the Railroad Retirement Act. Husband was retired and was receiving his retirement benefits from Union Pacific. The Tier 1 benefits were non-divisible, so Husband was receiving $2,385 a month for the Tier 1 benefits and receiving the remaining portion of the Tier 2 benefits after payment of Wife's portion and a portion previously set aside to Husband's first Wife. Husband was also receiving income from his cattle breeding and farming business. The circuit court, however, also ordered husband to pay the remaining debt on the Rayville property in the amount of $6,000 and to pay the remaining debt on the farming equipment in the amount of $32,089.

As to the second factor in section 452.330.1(2) concerning the contribution of each spouse to the acquisition of the marital property, the evidence established that the Rayville property initially was the non-marital property of Husband, but after the marriage, Husband conveyed the property to Wife and himself as husband and wife. The circuit court determined that the house and real property had a value of $180,000 at the time of the marriage, that Husband provided the contribution for the acquisition of the asset, and that the current value of the property was $230,000. Thus, subtracting the remaining debt of $6,000 on the property, the asset had an increase in value of $44,000 during the marriage. The circuit court awarded this property to Husband. As to the Excelsior Springs property, the evidence established that this property initially was the non-marital property of Wife and that Husband provided the contribution for the acquisition of the asset. Indeed, the evidence established that Husband borrowed about $29,000 and provided the money to Wife to purchase the property before they

6

were married. The circuit court determined that the mobile home on the property and the real property had a value of $25,000 at the time of the marriage. After the marriage of the parties, wife conveyed the property to Husband and herself as husband and wife. The circuit court determined that the current value of the property was $40,000 and awarded the property to Wife.

As to the remaining property, the circuit court awarded Husband the marital share of Husband's cattle breeding and farming business, which totaled $131,920.50, but ordered Husband to pay outstanding loan balances of $32,089 on the farm equipment. Thus, the value of the cattle breeding and farming property and income less the amount of debt totaled $99,831.50. The circuit court also awarded Husband a whole life insurance policy and found that the marital portion of the cash surrender value was $8,846. Further, the circuit court awarded Husband all of the items of marital property in his possession except for certain items requested by Wife and awarded Husband three vehicles with a total value of $7,000. As for Wife, the circuit court awarded her all of the items of marital property in her possession, certain household personal effects in Husband's possession valued at $1,535, and a 1997 Toyota 4-Runner valued at $500. In making these awards, the circuit court specifically noted that it considered the contribution of each spouse to the acquisition of the marital asset and considered Wife's contribution as homemaker. Moreover, the circuit court also said that it also considered "the increase in value of property acquired prior to the marriage where marital assets, including labor have contributed to the increase."

As to the third factor in §452.330.1(3) concerning the value of the non-marital property set apart to each spouse, the circuit court noted that Husband owned separate, non-marital property consisting of a 1991 Crown Victoria, a money market account with a balance of

$38,000, and the non-marital portion of the whole life insurance policy in the amount of $4,763. Wife did not have any non-marital property set aside to her.

The remaining two factors in section 452.330.1(4) and (5) pertaining to the conduct of the parties during the marriage and the custodial arrangements for any minor children do not apply to the facts of this case. The circuit court, therefore, did not consider these factors.

As already stated, the division of marital property need not be equal, but it must be fair and equitable considering the circumstances of the case. *Jenkins*, 368 S.W.3d at 367. The mere fact that the circuit court awards one party "a considerably higher percentage of the marital property than it awarded the other is not *per se* an abuse of discretion." *Rivers*, 21 S.W.3d at 123. The award of the Rayville property to Husband was the major reason why the percentage of marital property awarded to each spouse was unequal.[1] In making its determination, the circuit court considered heavily Husband's contribution to the acquisition of the property. The circuit court determined that the Rayville house and real property had a value of $180,000 before the parties married and that Husband provided the contribution for the acquisition of the asset. Husband's contribution to the acquisition of the Rayville property, as well as his contribution to the acquisition of the Excelsior Springs property, justified the disparity in the division of the marital property. *See Jennings v. Jennings*, 327 S.W.3d 21, 24 (Mo. App. 2010). The circuit court, however, recognized the disparity in the division of the marital property and ordered Husband to pay Wife the sum of $60,000 "to more fairly and equitably divide and allocate the values of the marital property." It was Wife's burden to overcome the presumption that the

---

[1]Wife concedes in her brief that there was no dispute between the parties as to how the real property would be divided. They agreed that Husband would receive the Rayville property and that Wife would receive the Excelsior Springs property. According to Wife, the only dispute concerned the value of each property and the extent to which Husband had any non-marital interest in the Rayville property.

8

division of property entered by the circuit court was correct, and she failed to carry that burden.

*Jenkins*, 406 S.W.3d at 925. As such, we are not convinced that the circuit court's division of

marital property was so unreasonable as to constitute an abuse of discretion.

We affirm the circuit court's judgment.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Chief Judge

All concur.

9